Margery EBINGER,
Plaintiff-Respondent,

v.

Charles C. BERRY, Defendant-Appellant.

No. 43142.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 18, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Application to Transfer Denied
Nov. 10, 1981.

---

Martin M. Green and Gregory D. Hoffman, Green & Lander, Clayton, for defendant-appellant.

Mason W. Klippel, Wion, Burke & Boll, Clayton, for plaintiff-respondent.

SNYDER, Judge.

This is a declaratory judgment action brought by the former wife to interpret the maintenance terms of a separation agreement entered into by the parties when their marriage was dissolved. The parties filed cross motions for summary judgments. The question was whether the maintenance payments terminated when the former wife remarried. The court granted the former wife's motion and ruled that the maintenance provision should be enforced as a contract. The former husband appeals.

Appellant asserts that the trial court erred in granting respondent's motion for summary judgment because the maintenance award was decretal and terminated when respondent remarried. Appellant's point has no merit. The judgment is affirmed.

This is yet another case in which the court must decide whether a maintenance provision in a dissolution action is decretal or contractual as those terms may be applied to maintenance under the Dissolution of Marriage Act, § 452.300 et seq., RSMo 1978.[1]

The parties entered into a separation agreement which was found conscionable by the trial court. Appellant husband urges that the maintenance provision is decretal and that because the parties did not otherwise agree in writing, and the decree did not otherwise expressly provide, his obligation to pay maintenance was terminated when respondent remarried. § 452.370.2.[2] Respondent wife, on the other hand, argues that the maintenance provision is contractual and that under the terms of the separation agreement her remarriage did not result in the termination of appellant's obligation to make the maintenance payments. Respondent's view must prevail.

The pertinent provision of the separation agreement reads as follows:

"4. That the Petitioner [appellant] agrees to pay the Respondent as and for contractual maintenance the following sums, to wit:

a. Upon the execution of this agreement, the sum of $62,000.00.

b. The sum of $1,750.00 per month for 60 months from the date of this agreement, and then $950.00 per month thereafter for 61 months, provided, however, if, at the end of the first 60 months, Respondent elects, Petitioner shall be required to pay her $400.00 per month until the Respondent dies or remarries, and in the event of such election, Petitioner shall not then be required to pay the Respondent the said $950.00 per month for the 61 months hereinabove referred to."

Respondent testified on cross-examination during the dissolution hearing as follows:

"Q Mrs. Berry, you are not making any claim here today for statutory maintenance against Mr. Berry, as opposed to contractual maintenance, that the agreement provides for, are you?

A No, I'm not.

Q Do you understand that in all likelihood—that in the event that you do not get statutory maintenance here today, that you can't come back to

---

1. All statutory references are to RSMo 1978.

2. Section 452.370.2 reads: "2. Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance."

this court or any other court and get statutory maintenance against Mr. Berry, arrising (sic) out of this marriage—do you understand that?

A   Yes."

The designation "contractual maintenance" in the agreement implies that the maintenance provisions were not to be incorporated into the decree although the agreement did not specifically say that its terms should not be set forth in the decree. § 452.325.4(1).[3]

Of even greater significance was the language of the decree itself: "It is further ordered, adjudged and decreed by the Court that maintenance is not granted." The trial judge found that Paragraph 4 of the separation agreement constituted an agreement in writing which exempted the award of contractual maintenance from the purview of § 452.370.2.

This court agrees with respondent that the recitation in the separation agreement that the maintenance was to be contractual, respondent's testimony, and the more significant order and judgment of the trial court in the dissolution action that maintenance was not granted, lead to the inevitable conclusion that the maintenance is contractual and not decretal and that § 452.-370.2 is inapplicable.

Appellant cites *In re Marriage of Haggard*, 585 S.W.2d 480 (Mo. banc 1979) to support his position. But the facts in *Haggard* are different. There was no trial court judgment in *Haggard* which stated specifically that maintenance was not granted. *Haggard* merely sets forth the categories of maintenance under the Dissolution of Marriage Act, § 452.300 et seq.

Given the facts in the case under review this court finds that the parties, in their separation agreement, and the trial court, by its order that maintenance was not granted, established the maintenance as a private contractual agreement. The language in Paragraph 4 of the separation

agreement could have been more specific, but the trial court's decree states without question that there was no decretal maintenance. Therefore, the contract of the parties controls and requires payment of the agreed maintenance in accordance with the trial court's judgment in spite of the respondent's remarriage.

The trial court's judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.

---

**3.** Section 452.325.4(1) reads: "(1) Unless the separation agreement provides to the contrary, its terms shall be set forth in the decree of dissolution or legal separation and the parties shall be ordered to perform them."