**John A. THOMAS, Respondent,**

**v.**

**Patricia A. THOMAS, Appellant.**

**No. WD 64727.**

Missouri Court of Appeals,
Western District.

Sept. 13, 2005.

David H. Cook, Independence, MO, for respondent.

Thomas J. Walsh and J. Michael Joy, Lee's Summit, MO, for appellant.

Before HOWARD, P.J., SMITH, C.J., and NEWTON, J.

VICTOR C. HOWARD, Presiding Judge.

Patricia A. Thomas ("Wife") appeals from the trial court's judgment modifying John A. Thomas' ("Husband") maintenance obligation. Wife raises four points on appeal in her challenge to the trial court's modification of maintenance. Because Wife's first point on appeal is dispositive, we do not address her remaining points. As explained below, we find that the trial court lacked statutory authority to modify maintenance without written agreement of the parties. Thus, the judgment modifying maintenance is reversed.

## Background

Husband and Wife were married on May 27, 1961. Twenty-six years later, the Circuit Court of Jackson County entered a Decree of Dissolution dissolving the marriage. The Decree of Dissolution found the parties' Separation Agreement "not unconscionable" and explicitly incorporated its terms, which included a provision that Husband would pay Wife maintenance in the amount of $400 per month until such time as Wife died or remarried. The Separation Agreement also included a provision stating that its terms "may not be altered, changed or modified except in a writing signed by each of the parties."

In 1993, Husband moved to terminate or modify maintenance. On June 5, 1995,[1] after oral stipulation by the parties to an agreed-upon modification, the trial court entered a Modification Judgment reducing Husband's maintenance obligation to $325 per month effective June 1, 1995.

Five years later, Husband filed another motion to terminate or modify maintenance, which initiated the proceedings at issue in this appeal. In Wife's answer and counter motion to modify, Wife alleged in part that the maintenance obligation was non-modifiable without the parties' written agreement. In September of 2002, just before trial, Wife filed a motion to dismiss Husband's Motion to Modify. Wife alleged that the trial court lacked jurisdiction to modify maintenance. Husband filed suggestions in opposition to the motion to dismiss.

On September 23, 2002, a hearing was held on Husband's motion to modify. Prior to receiving evidence, the trial court announced that Wife's motion to dismiss would be taken with the case. Husband's current wife, Laurie Thomas, testified in length concerning the substantial change in Husband's circumstances resulting from his seizure disorder.[2] Wife testified concerning her continuing need for maintenance. After hearing the evidence, the trial court asked for Husband's response to Wife's motion to dismiss within ten days and took the case under advisement.

On June 14, 2004, the trial court entered its judgment overruling Wife's motion to dismiss and reducing Husband's maintenance obligation from $325 per month to $200 per month, retroactive to the date of service, October 26, 2000.[3] This appeal follows.

---

1. The modification judgment is dated May 26, 1995, but was not deemed entered until filed on June 5, 1995. Rule 74.01(a).

2. Husband also testified briefly. Although he remembered some details of his original maintenance obligation and the 1995 modification of maintenance, due to his medical condition, he was either unable to remember or unable to understand other financial matters he was questioned about.

3. The judgment further ordered that (1) Husband shall receive a credit in the amount of $5,125 for the difference in payments of $325 made from October 26, 2000, to April 1, 2004; (2) Wife will receive no award of attorney's fees or travel expenses; and (3) the costs of the action were assessed to Husband.

## Standard of Review

■ We will sustain the trial court's judgment modifying maintenance "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Lombardo v. Lombardo*, 120 S.W.3d 232, 237–38 (Mo.App. W.D.2003).

## Modifiability of Maintenance

In her first point on appeal, Wife argues that the trial court erroneously declared and applied the law. Wife claims that the trial court had no authority to modify maintenance, in that the parties' separation agreement incorporated into the Decree of Dissolution prohibited modification of any of its provisions except upon written agreement by the parties. Husband responds that the stipulated maintenance award set forth in the June 5, 1995, Modification Judgment was fully modifiable because it contained no language precluding modification.

Section 452.325.1, RSMo 1986, provides in relevant part that "[t]o promote the amicable settlement of disputes between the parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a written separation agreement containing provisions for the maintenance of either of them." There is no dispute that the parties' 1987 Separation Agreement provided that Husband was to pay Wife $400 per month in maintenance until her death or remarriage. The Separation Agreement further provided, "[t]his Agreement may not be altered, changed or modified except in a writing signed by each of the parties." In the Decree of Dissolution incorporating that agreement, the trial court expressly found that the agreement was "not unconscionable" and ordered the parties to perform its terms. § 452.325.4(1) RSMo 1986. As in *Lueckenotte v. Lueckenotte*, 34 S.W.3d 387, 391–92 (Mo. banc 2001), "[t]he maintenance provision at issue is best defined as separation agreement decretal maintenance, ... [which] is modifiable, unless the parties specifically agree to preclude or limit modification." [4]

Husband and Wife specifically agreed to preclude modification of the maintenance provision except upon their written agreement.[5] In accordance with section 452.325.6, RSMo 1986, the trial court's incorporation of the Settlement Agreement into the 1987 Decree of Dissolution "was sufficient to 'expressly preclude modifica-

---

4. Wife incorrectly categorizes the maintenance as "contractual." "Contractual maintenance ... arises where the 'maintenance provisions were not to be incorporated into the decree.'" *Cates v. Cates*, 819 S.W.2d 731, 737 (Mo. banc 1991) (quoting *Ebinger v. Berry*, 622 S.W.2d 394, 396 (Mo.App. E.D.1981)). *See also Barbeau v. Barbeau*, 72 S.W.3d 227, 229 (Mo.App. E.D.2002) (explaining, "[i]n order to create contractual maintenance, the parties must expressly agree that the maintenance terms are not to be incorporated into the dissolution decree"). Here, the maintenance provisions were expressly incorporated into the 1987 Decree of Dissolution.

5. At one point in his argument, Husband refers to the modification provision of the Separation Agreement as "boiler-plate language." Although he does not further advance an argument that he was unaware that he was agreeing to long term, non-modifiable maintenance, we note that just as in *Mason v. Mason*, 873 S.W.2d 631, 635 (Mo.App. E.D. 1994), "[t]he boiler-plate language exception [to the rule that absent a showing of fraud, a party who is capable of reading and understanding a contract is charged with the knowledge of that which he signs] is inapplicable under the facts in this case since both parties were represented by attorneys and the nonmodification clause was in clear, unambiguous, easy-to-read type."

tion of terms set forth in the decree,'" including the separation agreement decretal maintenance provision. *Id.* at 392;[6] *see also Davis v. Davis,* 687 S.W.2d 699, 701–02 (Mo.App. E.D.1985) (discussing the three types of maintenance awards in dissolution decrees granted after January 1, 1974, as governed by the Dissolution of Marriage Act, sections 452.300–452.415, RSMo 1978, and finding that "when the parties expressly agree to preclude modification of maintenance and the court incorporates that agreement into the decree, the agreement is binding on the court"); and *Mason v. Mason,* 873 S.W.2d 631, 635 (Mo.App. E.D.1994) (discussing the fact that "[a] nonmodifiable agreement which the court found was conscionable at the time of its execution does not suddenly become unenforceable due to changed circumstances. Accordingly, absent mutual consent, a party cannot later try to selectively repudiate sections of the agreement. Once a nonmodifiable agreement is executed, it constitutes a binding legal obligation.").

Husband moved to modify his maintenance obligation in 1993.[7] In 1995, Husband and Wife entered into a stipulation that Husband's maintenance obligation would be downward modified from $400 to $325 per month. The trial court entered a modification judgment memorializing the parties' agreement on June 5, 1995. Specifically, the modification judgment provides that "[t]he cause was submitted to the Court upon verified Petition of [Husband] and proof. Oral stipulation was made before the court and acknowledged by the parties at the time of said hearing May 4, 1995." The judgment continues that Husband and Wife, through their respective counsels, entered into a Stipulation for Modification, by which the parties agreed "that a substantial change in circumstances of a continuing and permanent nature, necessitating a reduction in the monthly maintenance amount paid by [Husband] to [Wife], has occurred." Thus, the Modification Judgment indicates that Husband and Wife "agreed to a reduction in the previously ordered maintenance from the sum of $400 to the sum of $325, effective June 1, 1995." After entering its judgment according to the stipulation, the trial court "FURTHER ORDERED, ADJUDGED, AND DECREED that any portions of the previous Decree of Dissolution of Marriage dated June 12, 1987, not affected by this Modification Judgment shall remain in full force and effect." The signatures of both Husband and Wife's counsel appear in the judgment under the heading "APPROVED AS TO FORM."

The key issue in this case involves what effect the June 5, 1995, Modification Judgment had on the modifiability of the separation agreement decretal maintenance.

Wife argues that the express language of the Modification Judgment that all portions of the 1987 Decree of Dissolution not

---

**6.** *Lueckenotte* acknowledged the 1988 amendment to the relevant statutes "by adding the requirement that the 'maintenance order state if it is modifiable or non-modifiable.' Sec. 452.335.3." 34 S.W.3d at 392. However, the court held that "the 1988 amendment did not and, indeed, could not operate retrospectively on rights established by an Agreement and judgment entered prior to enactment of the amendment," so "[u]nder the law at the time of the Agreement and judgment incorporating the Agreement, the maintenance provision was non-modifiable, notwithstanding the absence of a separate maintenance order to that effect." *Id.*

**7.** It is unclear from the record whether the modifiability of maintenance was challenged in the previous modification proceeding. As explained below, the proceedings resulted in the parties' agreement for modification, which complied with the modification provision of their Separation Agreement.

affected by the Modification Judgment remained "in full force and effect" reinforces that the non-modifiability of the separation agreement decretal maintenance continues except upon written agreement of the parties. Wife claims that the Modification Judgment did not grant the trial court any additional jurisdiction to further modify maintenance in the future.

Husband argues that their oral stipulation, which was reduced to writing in the form of a Modification Judgment approved as to form by both Wife's counsel and Husband's counsel, constituted a written modification of the previous maintenance provision. Citing *Lueckenotte*, 34 S.W.3d at 392, and *Cates*, 819 S.W.2d at 738, Husband contends that, pursuant to section 452.335.3, RSMo 1994, in effect at the time the 1995 Modification Judgment was entered, post–1988 judgments must contain language expressly precluding modification if such is the intent of the parties. Husband claims that because the Modification Judgment did not contain any language or provision expressly limiting subsequent modification or termination of maintenance, the trial court could further modify maintenance.

■ However, as this court held in *Haynes v. Almuttar*, 25 S.W.3d 667, 674 (Mo.App. W.D.2000), the statutory requirement in section 452.335.3, RSMo 1994, that a court state whether the judgment is modifiable or non-modifiable " 'applies only to maintenance awards which the court initially orders pursuant to a marriage dissolution decree.' " (quoting *Gerecke v. Gerecke*, 954 S.W.2d 665, 670 (Mo.App. S.D. 1997)). A trial court is "without statutory authority to designate its judgment non-modifiable with respect to [a] maintenance modification." *Id.* Thus, the trial court had no authority to designate the maintenance modifiable or non-modifiable in the 1995 Modification Judgment. Husband's

argument that the lack of such a statement in the Modification Judgment renders the maintenance modifiable is without merit.

■ Here, through their counsel, the parties made an oral stipulation, which both Husband and Wife acknowledged in open court, that they had agreed to a modification of the separation decretal maintenance. Their stipulation was reduced to a written Modification Judgment in a form approved by parties' counsel and is binding as a written agreement for modification of maintenance, which was permissible under the terms of their 1987 Separation Agreement. *See Rapp v. Rapp*, 619 S.W.2d 788, 790 (Mo.App. E.D. 1981) (explaining, "[an] oral stipulation for compromise and settlement made in open court in the presence of [the parties] and preserved in the record of the trial court [is] as binding as a written agreement"). Husband and Wife agreed only to a reduction in the amount of Husband's maintenance obligation. The modification portion of the 1987 Separation Agreement incorporated in the Decree of Dissolution was not affected and, therefore, remained "in full force and effect." Thus, the provision of the parties' Separation Agreement incorporated into the Decree of Dissolution that precluded modification of its terms except upon Husband and Wife's written agreement remained binding upon the trial court following its entry of the 1995 Modification Judgment.

Section 452.370.1, RSMo 2000, grants the trial court statutory authority to modify maintenance. That statutory authority is limited by the introductory language, "[e]xcept as otherwise provided in subsection 6 of section 452.325." Husband and Wife's preclusion of modification except upon written agreement in their Separation Agreement incorporated into the 1987 Decree of Dissolution is the "as otherwise provided" or the exception to the trial

court's statutory authority to modify maintenance. Because the trial court lacked statutory authority to enter its June 14, 2004, judgment modifying maintenance, that judgment is reversed.

SMITH, C.J., and NEWTON, J., concur.