Ida M. RICHARDSON, Respondent,

v.

Joseph A. RICHARDSON, Appellant.

No. SC 87641.

Supreme Court of Missouri,
En Banc.

March 20, 2007.

Rehearing Denied May 1, 2007.

C. John Pleban, Talmage E. Newton, IV, St. Louis, for Appellant.

Elizabeth H. Christmas, St. Louis, for Respondent.

WILLIAM RAY PRICE, JR., Judge.

## INTRODUCTION

Joseph A. Richardson (Joseph) appeals the Judgment of the St. Louis Circuit Court dismissing Count II of his Motion to Modify Judgment and Decree of Dissolution. This Court affirms.

## A. BACKGROUND

Joseph and Ida Richardson (Ida) divorced in December 1997. They executed a separation agreement (Agreement) which contained the terms of the divorce, and which they agreed would be incorporated into the decree of dissolution. The Agreement provided that Joseph would pay maintenance to Ida in the amount of $2,425.00 per month. The obligation was to terminate upon Ida's remarriage or the death of either party. The Agreement stated that "[t]he terms of this Agreement shall not be subject to modification or

change, regardless of the relative circumstances of the parties ..." The trial court found that the Agreement was not unconscionable, and incorporated it into the Judgment and Decree of Dissolution. The court's decree also specifically stated that maintenance was non-modifiable.

Joseph filed a motion to modify in 2004. In Count II of this motion, Joseph sought to terminate his maintenance obligation, alleging, *inter alia*, that Ida "sought out a person(s) for the purpose of burglarizing [Joseph's] home," "sought out a person(s) for the purposes of murdering [Joseph]," and "attempted to hire a person or otherwise engage services to murder [Joseph]." Joseph further alleged that Ida thus "breached the separation agreement, violated public policy, committed criminal acts and waived *any* claim to maintenance payable by [Joseph] ..."

The trial court dismissed Count II of Joseph's Motion with prejudice for failure to state a claim upon which relief can be granted. The trial court's order dismissing Count II was certified as a final order and judgment in accordance with Rule 74.01(b). Joseph appealed the dismissal. The matter was transferred to this Court post-opinion by the Eastern District Court of Appeals.

## B. POINT ON APPEAL

In his only point on appeal, Joseph asserts that "[t]he trial court erred in granting [Ida's] 'Motion to Dismiss for Failure to State a Claim upon which Relief could be Granted', because the trial court misinterpreted Section 452.325 RSMo,[1] in that, consistent with tenants (sic) of Missouri contract law, Missouri public policy and the doctrine of waiver, the trial court has discretion under the statute to terminate or modify an otherwise 'non-modifiable'

separation agreement post-dissolution, upon a finding that terms of the agreement are unconscionable due to immoral criminal acts on the part of the payee spouse."

## C. STANDARD OF REVIEW

"A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition." *Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 464 (Mo. banc 2001). "It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom." *Id.* "No attempt is made to weigh any facts alleged as to whether they are credible or persuasive." *Id.* "Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id.* In other words, no court has determined that Joseph's allegations are true. At this point, we simply ask whether—assuming the allegations are true—Joseph would have a right to have his maintenance obligation modified.

## D. ANALYSIS

### I.

"Dissolution of marriage is a statutory action, unknown to the common law." *Cates v. Cates*, 819 S.W.2d 731, 734 (Mo. banc 1991). This Court is generally bound by the statutory pronouncements of the General Assembly regarding dissolution law. *Id.*

Section 452.335 RSMo allows a court to order one spouse to pay maintenance to the other and provides the guidelines which a court must follow in determining whether to award maintenance and in what amount. Section 452.325 provides that

1. All statutory references are to RSMo 2000, unless otherwise stated.

"the parties may enter into a written separation agreement containing provisions for the maintenance of either of them[.]" [2] That section also provides that "[i]n a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except terms providing for the custody, support, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable." [3] "If the court finds that the separation agreement is not unconscionable as to support, maintenance or property . . ., [u]nless the separation agreement provides to the contrary, its terms shall be set forth in the decree of dissolution[.]" [4] Subsection 6 states that "[t]he decree may expressly preclude or limit modification of terms set forth in the decree if the separation agreement so provides."

## II.

This case is controlled by section 452.325. The statute authorizes parties to resolve the various property issues which arise during the dissolution of their marriage by entering into a separation agreement. The statute further provides that "[t]he decree may expressly preclude or limit modification of terms set forth in the decree if the separation agreement so provides." [5]

Joseph and Ida's separation agreement, incorporated into the dissolution decree, provided that "[t]he terms of this Agreement shall not be subject to modification or change, regardless of the relative circumstances of the parties . . ." Neither the

Agreement, nor the decree, nor the statute authorizes a court to modify the terms of the agreement or the decree on account of subsequent circumstances. *See, e.g., Thomas v. Thomas,* 171 S.W.3d 130 (Mo. App.2005); *Mason v. Mason,* 873 S.W.2d 631 (Mo.App.1994) ("A non-modifiable agreement which the court found conscionable at the time of its execution does not suddenly become unenforceable due to changed circumstances.").

A non-modification provision can cut both ways. No one can know which party will need more or deserve less as time passes. As with all contract terms, a non-modification provision is an agreed allocation of future risk, bargained for and for which consideration is exchanged.

The Missouri legislature has seen fit to allow such a clause to be elevated from contractual to judicial status by incorporation into the dissolution decree. We are bound to respect the statute and to enforce these documents as agreed to and ordered.

## III.

■ Joseph nonetheless argues against application of section 452.325(6) on four grounds: (1) unconscionability; (2) Missouri contract law; (3) the doctrine of waiver and (4) public policy. None of these grounds justify a departure from the statute.

### a.

■ Joseph contends that a trial court may modify or refuse to enforce a non-modifiable maintenance agreement incorporated into a dissolution decree upon a finding that subsequent events have rendered it unconscionable. However, there is no authority in the dissolution statutes

**2.** Section 452.325(1).

**3.** Section 452.325(2).

**4.** Section 452.325(4).

**5.** Section 452.325(6).

for the court to revisit the issue of conscionability at any time after the decree is entered. Section 452.325(4) makes clear that the court may only incorporate the terms of a separation agreement into the divorce decree *if* it determines that the terms are not unconscionable. The determination is made before entry of the decree, not after.

**b.**

Joseph also asserts that under Missouri contract law, Ida's alleged acts constitute a change in circumstances that renders the separation agreement "unconscionable." In support, Joseph cites *Werner v. Ashcraft Bloomquist,* 10 S.W.3d 575 (Mo.App. 2000) and *Kassebaum v. Kassebaum,* 42 S.W.3d 685 (Mo.App.2001). These cases do not mention unconscionability, but instead discuss the doctrines of impossibility and commercial frustration. They do not apply to the case at bar.

■ Unconscionability relative to contract law parallels unconscionability relative to separation agreements. Unconscionability is addressed at the time of inception or creation of the contract, not thereafter. *See* Section 400.2–302 RSMo ("If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable *at the time it was made* the court may refuse to enforce the contract") (emphasis added); *State ex rel. Vincent v. Schneider,* 194 S.W.3d 853, 861 (Mo. banc 2006)("[A] contract, or provision of a contract, is unconscionable if its terms are unconscionable *at the time it was made.*") (emphasis in original).

**c.**

■ Joseph argues that Ida has waived her right to maintenance by attempting to have him killed because she knew that killing him would cut off her maintenance obligation. Waiver is the "intentional relinquishment of a known right." *Shahan v. Shahan,* 988 S.W.2d 529, 534 (Mo. banc 1999). "Waiver may be express or it may be implied by conduct that clearly and unequivocally shows a purpose by the [entitled party] to relinquish a contractual right." *Id.* Killing Joseph might have resulted in the termination of Ida's ability to collect maintenance, but her alleged acts do not establish a clear and unequivocal attempt to relinquish her contractual right to maintenance so long as Joseph is living.

**d.**

■ Joseph next argues that public policy demands that courts be allowed to modify or terminate non-modifiable maintenance where immoral acts "render the agreement unconscionable." In support of this contention, Joseph relies upon a number of cases following the general rule that "no one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own murder." *Perry v. Strawbridge,* 209 Mo. 621, 108 S.W. 641, 643 (1908) (internal citation omitted).

Missouri courts have followed this policy in a number of cases: *Matter of McCarty,* 762 S.W.2d 458, 461 (Mo.App.1988) (widow who intentionally killed husband could not benefit from husband's death and receive exempt property, widow's allowance, property held as tenancy by the entirety or tenancy in common, or life insurance proceeds); *In re Estate of Danforth,* 705 S.W.2d 609, 611–12 (Mo.App.1986) (21–year–old wife who committed fraud in procuring marriage to 75–year–old husband and conspired to murder him to inherit from his estate could not elect to take against his will as a surviving spouse); *Baker v. Martin,* 709 S.W.2d 533, 535 (Mo. App.1986) (husband who murdered wife could not take as devisee under her will);

*Wells v. Harris*, 414 S.W.2d 343, 346 (Mo. App.1967) (husband who murdered wife could not recover proceeds from wife's life insurance policy); *In re Laspy's Estate*, 409 S.W.2d 725, 730 (Mo.App.1966) (widow who was convicted of manslaughter for her husband's death could not receive statutory widow's allowance from his estate); *Barnett v. Couey*, 224 Mo.App. 913, 27 S.W.2d 757, 761 (Mo.App.1930) (when tenant by the entirety murdered co-tenant, estate was converted to a tenancy in common and the felonious tenant could not take the deceased co-tenant's share).

None of these cases are analogous to the present case. In each of the above, the death of the victim was a precondition to the killer receiving the benefit. Here, Ida was already entitled to maintenance. Because Joseph's death would result in Ida no longer receiving maintenance, Ida would not profit in this regard if Joseph were murdered. This is a different question than if Ida would be entitled to claim death benefits from an insurance policy or otherwise.

Finally, Joseph asks this Court to extend the holdings in the above cited cases in order to discourage murder. This state's criminal and tort laws already do that.

## CONCLUSION

The judgment of the trial court dismissing Count II of Joseph's Motion to Modify is affirmed.

All concur.