In the Marriage of: Cynthia Lea MCBRIDE, n/k/a Cynthia Lea Geisinger, Petitioner–Respondent,

v.

David Paul MCBRIDE, Respondent–Appellant.

No. SD 29014.

Missouri Court of Appeals, Southern District, Division Two.

April 21, 2009.

Joleene V. Wood, Osceola, MO, for Appellant.

Stephen W. Angle, Clinton, MO, for Respondent.

DON E. BURRELL, Presiding Judge.

David McBride ("Husband") appeals the circuit court's judgment dismissing with

prejudice his motion to terminate or, in the alternative, modify maintenance. Because the original dissolution judgment provided that its maintenance award was non-modifiable, the trial court lacked authority to modify or terminate it, and we affirm the dismissal.

## I. Facts and Procedural Background

Husband and Cynthia McBride ("Wife") divorced in 1998. Their dissolution judgment incorporated a Marital Settlement and Separation Agreement ("the settlement agreement") entered into by Husband and Wife pursuant to section 452.325.1.[1] Under that agreement, Husband agreed to pay Wife $300 maintenance with "[s]aid maintenance [ ] to terminate upon the remarriage of [Wife]."[2] The settlement agreement also provided that:

> The terms of this Agreement shall not be subject to modification or change, regardless of the relative circumstances of the parties, except as specifically set forth in the Agreement. It is understood that this provision is not applicable to the terms of the Agreement deal [sic] with child custody, visitation and support.

Approximately two weeks after Husband and Wife signed the settlement agreement, Wife appeared in court and obtained the dissolution "Judg[ ]ment Entry" ("judgment" or "decree") at issue. Husband was not present. The court found that the parties' settlement agreement was not unconscionable and incorporated it into its judgment. The judgment's maintenance provision read as follows:

> That the parties agree that $300.00 maintenance is to be paid by [Husband] for the support of [Wife]. Said maintenance is to terminate upon the remarriage of [Wife], *but shall otherwise be non-modifiable. RTH*

(emphasis added). The italicized language "but shall otherwise be non-modifiable" was handwritten into the typed judgment and was immediately followed by the judge's initials. With a specific exception for those provisions relating to child custody or support, the judgment stated that its provisions were non-modifiable. Husband did not appeal the dissolution judgment.

Over eight years later, Husband filed the instant motion to terminate or, in the alternative, modify maintenance. In his motion, Husband alleged the court had

1. Unless otherwise indicated, all references to statutes are to RSMo 2000 and all references to rules are to Missouri Court Rules (2008). Section 452.325.1 provides that "[t]o promote the amicable settlement of disputes between the parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a written separation agreement containing provisions for the maintenance of either of them, the disposition of any property owned by either of them, and the custody, support and visitation of their children."

2. Neither the settlement agreement nor the dissolution judgment set forth how often this maintenance was to be paid (e.g., weekly, monthly, etc.). As this omission was not raised by either party and the payments have been made monthly, we presume the judgment ordered maintenance of $300 per month. The original record on appeal did not contain either the judgment or the settlement agreement. Under Rule 81.12(a), "[t]he record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." After this court issued an order for Husband to state any legal grounds that would prevent his appeal from being dismissed on the basis of the rule violation, Husband was granted leave to supplement the record when Respondent made no objection to that request. The necessary documents were then provided, and we will decide the case on its merits.

erred by entering a judgment that made its maintenance award non-modifiable and that the circumstances of the parties had changed to the extent that the maintenance award was no longer reasonable. The motion did *not* allege that Wife had remarried—the only grounds set forth in the settlement agreement that would support a termination of maintenance. In response to Husband's motion, Wife filed a motion to dismiss and, in the alternative, for judgment on the pleadings, contending Husband's motion failed to state a claim upon which relief could be granted because the dissolution judgment was non-modifiable. The trial court overruled both parties' motions and set the matter for trial.

Prior to the start of the trial, Wife told the court that it was her position that her previously denied motion to dismiss should have been granted under the Supreme Court's decision in *Richardson v. Richardson*, 218 S.W.3d 426 (Mo. banc 2007). The court took the matter under advisement and evidence was received on Husband's motion to terminate or modify maintenance. At the conclusion of the trial, the court took the case under advisement. Several days later, the court entered its judgment dismissing with prejudice Husband's alternative motion to terminate or modify maintenance. Husband now appeals that judgment of dismissal.

## II. Standard of Review [3]

This case comes to us with a somewhat unusual procedural history. When Wife filed her motion to dismiss Husband's motion to terminate or modify maintenance, the trial court entered a "judgment" denying it. After conducting a trial on Husband's motion to terminate or modify maintenance, the trial court then entered its "Judgment on Motion to Modify" which concluded as follows:

> The Court Orders:
>
> The court finds issues for the Petitioner, [Wife], and against the Respondent, [Husband]. The Court enters judgment for [Wife] and the matter is dismissed with prejudice against [Husband].

Because of the ultimate relief awarded, we interpret the judgment to be a judgment dismissing with prejudice Husband's motion to terminate or modify maintenance for failure to state a claim for which relief might be granted. However, because the trial court both took evidence and also seemed to rule as a matter of law based on the face of its previous dissolution judgment, we have reviewed the case using the appropriate standard of review for both a motion to dismiss and for a court-tried case. Under either standard, the outcome is the same.

### A. As a Motion to Dismiss

■ "Where a trial court fails to state a basis for its dismissal, we presume the dismissal is based on the grounds stated in the motion to dismiss." *Shaver v. Shaver*, 913 S.W.2d 443, 444 (Mo.App. E.D.1996). We will affirm the dismissal if it can be

---

3. Husband's brief is deficient in that the argument portion does not "include a concise statement of the applicable standard of review for each claim of error" as required by Rule 84.04(e). In fact, Husband's brief never mentions a standard of review. Husband's failure requires us to look beyond the contents of his brief to cure the deficiency. "Courts should not be asked or expected to assume such a role. In addition to being inherently unfair to the other party to the appeal, it is unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals." *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978). Because Wife does not complain of the omission and we are familiar with the applicable standard of review, we have chosen not to dismiss the appeal on the basis of the rule violation.

granted on any grounds supported by the motion to dismiss. *Id.* Here, while the trial court did not state its grounds for the dismissal, the only ground provided in the motion to dismiss was for failure to state a claim upon which relief could be granted. For that reason, we assume the trial court dismissed the motion on that basis.

"The standard of review for a trial court's grant of a motion to dismiss is *de novo.*" *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). When reviewing the dismissal of a motion to modify for failure to state a claim, "all facts properly pleaded are assumed true, the averments are given a liberal construction, and the motion is accorded all reasonable inferences fairly deductible from the facts stated." *Shaver v. Shaver*, 913 S.W.2d 443, 444 (Mo.App. E.D.1996). If under the facts averred in the motion the movant would be entitled to relief, then the motion states a claim. *See Richardson v. Richardson*, 218 S.W.3d 426, 428 (Mo. banc 2007).

### B. As a Court–Tried Case

We will affirm the judgment in a court-tried unless the judgment is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Thomas v. Thomas*, 171 S.W.3d 130, 132 (Mo.App. W.D.2005). We give no deference to the trial court's judgment if the evidence is not in conflict and the facts are uncontroverted or admitted. *Rolfes v. Rolfes*, 187 S.W.3d 355, 357 (Mo.App. S.D.2006).

### III. Discussion

While the trial court heard testimony, the relevant facts of this case were not disputed at trial. Husband alleges six points of error on appeal: 1) the dissolution judgment failed to follow the requirements of section 452.335; 2) the maintenance order is no longer reasonable; 3) the maintenance order had no termination date; 4) the failure to include a termination date requires the award to be deemed modifiable;[4] 5) the portion of the judgment making maintenance non-modifiable is hand-written and Husband did not agree to non-modifiable maintenance; and 6) Husband's motion to terminate or modify maintenance should not have been dismissed with prejudice because it will prevent such a filing if Wife remarries. Because we find the trial court correctly concluded it lacked authority to modify or terminate the decree's maintenance award for any reason other than Wife's remarriage, we do not address Husband's specific claims of error. Rather, the outcome is controlled by the western district's aforementioned decision in *Thomas*, 171 S.W.3d 130.

In *Thomas*, husband and wife's dissolution decree incorporated the parties' settlement agreement, including a provision that husband would pay wife $400 per month maintenance until wife died or remarried. The agreement also provided that its terms " 'may not be altered, changed or modified except in a writing signed by each of the parties.' " *Id.* at 131. Over twenty years later, husband filed a motion to terminate or modify maintenance. Just prior to trial, wife filed

---

**4.** This is our best attempt to discern what Husband is alleging in a point that says: "THE TRIAL COURT ERRORED [sic] IN DENYING APPELLANT'S MOTION TO TERMINATE MAINTENANCE, OR IN THE ALTERNATIVE, TO MODIFY MAINTENANCE BECAUSE 452.335(3) R.S.Mo 2000 STATES THAT THE COURT MAY MODIFY MAINTENANCE UNLESS THERE IS A TERMINATION DATE AND THE MAINTENANCE IS DEEMED NON–MODIFIABLE IN THAT THIS JUDGMENT ENTRY DOES NOT HAVE A TERMINATION DATE."

a motion to dismiss husband's motion to modify on the grounds that the trial court lacked "jurisdiction" to modify maintenance. Prior to receiving evidence on the motion to modify, the court advised the parties that the motion to dismiss would be taken with the case. After hearing evidence, the court took the case under advisement. On appeal, the western district of our court found that the trial court lacked statutory authority to modify the decree's maintenance award because husband and wife's incorporated settlement agreement—which made maintenance nonmodifiable unless both parties signed a subsequent written agreement to the contrary—fit the section 452.325.6 [5] exception to section 452.370.1 [6] which otherwise grants the trial court authority to modify a maintenance award. *Id.* at 134–35.

Here, as in *Thomas,* the parties entered into a separation agreement that was incorporated into a divorce decree that required Husband to pay Wife maintenance until she remarried. Similar to *Thomas,* the settlement agreement here contained a provision stating that the agreement was not "subject to modification or change ... except as specifically set forth in the agreement." As in *Thomas,* Husband did not appeal the original judgment that dissolved his marriage, but subsequently filed a motion to terminate or modify the judgment's maintenance provision. As in *Thomas,* the agreement incorporated into the decree made the judgment's maintenance award non-modifiable under section 452.325.6 and deprived the trial court of any statutory authority to modify it. *See also Richardson,* 218 S.W.3d at 427–29

(affirming a motion to dismiss with prejudice for failure to state a claim where the dissolution decree incorporating the parties' settlement agreement provided that "[t]he terms of this Agreement shall not be subject to modification or change, regardless of the relative circumstances of the parties.")

Husband signed the settlement agreement. The agreement stated its terms were "not [ ] subject to modification or change, regardless of the relative circumstances of the parties." The trial court's handwritten addition of "but shall otherwise be non-modifiable" to the judgment's statement that maintenance was to terminate upon Wife's remarriage did not change the terms of the settlement agreement. Even if it had, the ability to challenge it expired when no notice of appeal was filed within ten days after the judgment became final. Rule 81.04–.05. The trial court correctly ruled, as a matter of law, that it lacked any authority to modify or terminate the judgment's maintenance award, and its judgment dismissing Husband's motion with prejudice is affirmed.

LYNCH, C.J., and PARRISH, J., concur.

---

**5.** Section 452.325.6 provides: "Except for terms concerning the support, custody or visitation of children, the decree may expressly preclude or limit modification of terms set forth in the decree if the separation agreement so provides."

**6.** Section 452.370.1 provides in pertinent part: "Except as otherwise provided in subsection 6 of section 452.325, the provisions of any judgment respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable."