In re: The MARRIAGE OF Aaron R. SWAIN and Kimberli A. Swain.

Aaron R. Swain, Petitioner–Respondent,

v.

Kimberli A. Swain, Respondent–Appellant.

No. SD 30738.

Missouri Court of Appeals, Southern District, Division One.

Sept. 8, 2011.

James R. Sharp, Springfield, MO, for Appellant.

J. Matthew Miller, Springfield, MO, for Respondent.

DON E. BURRELL, Judge.

In a single point relied on, Kimberli A. Swain ("Mother") appeals the judgment that: (1) denied her motion to increase and extend the duration of child support; and (2) granted Aaron R. Swain's ("Father") counter-motion to decrease child support and declare the parties' eldest child emancipated. As best we discern Mother's point,[1] she claims the trial court erred by misstating the law in "finding that it did not have jurisdiction to order child support and college expenses past the parties' children's eighteenth birthdays" because "Washington law allows a court to order the parties to pay a portion of a child's post-secondary educational expenses up until the child turns twenty-three years of age as well as guideline child support[.]" Because the trial court's judgment may be interpreted as having been based on other valid grounds not challenged by Mother, we affirm.

## Standard of Review

We must affirm the judgment in a court-tried case unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Thomas v. Thomas*, 171 S.W.3d 130, 132 (Mo.App. W.D.2005). "[U]nder the scope of review of Rule 73.01(c),[2] the trial court's judgment is presumed valid and the burden is on the appellant to demonstrate the judgment was incorrect." *Crawford v. Crawford*, 986 S.W.2d 525, 528 (Mo.App. W.D.1999). We view the evidence and all inferences that may be drawn therefrom in the light most favorable to the judgment and disregard all contrary evidence and inferences. *Blair v. Blair*, 147 S.W.3d 882, 885 (Mo. App. W.D.2004). "The trial court is free to accept or reject all, part, or none of the testimony of a witness. And, it may disbelieve testimony even when it is uncontradicted." *McAllister v. McAllister*, 101 S.W.3d 287, 291 (Mo.App. E.D.2003) (internal citations omitted).

## Facts

Mother and Father were married in California. At some point, Father, who was in

---

1. Mother's point reads as follows:

   The trial court erred in finding that it did not have jurisdiction to order child support and college expenses past the parties' children's eighteenth birthdays on the ground that the law of the State of Washington, in which the original child support order was entered, sets the age of emancipation at eighteen years because said finding was a misstatement of the law in that the children were, at the time Mother's motion to modify was filed, seventeen and sixteen years of age; at the time of trial both children had graduated high school and were both taking at least twelve hours of classes at a post-secondary educational institution; that Washington law allows a court to order the parties to pay a portion of a child's post-secondary educational expenses up until the child turns twenty-three years of age as well as guideline child support; that the original child support judgment was registered as a foreign judgment in Missouri and had been previously modified by the trial court; § 454.956 R.S.Mo. provides that the law of the issuing state governs the duration of obligations of support of a foreign order; and therefore the trial court had jurisdiction under Washington law to order child support and the payment of college expenses for both children in this case, even though both children were, by the time the judgment was entered, over the age of eighteen years.

2. Unless otherwise indicated, all rule references are to Missouri Court Rules (2011).

the military, was transferred to an Air Force base in the state of Washington. Mother and the parties' two children had moved to Missouri. The parties' marriage was later dissolved in the state of Washington in March 2001. The Washington dissolution decree made Mother the residential custodian of the children and ordered Father to pay child support of $2,600 per month. Mother signed the decree on its last page under a caption entitled: "Approved for entry: Notice of presentation waived[.]"

The decree provided that child support "shall be paid [ ][u]ntil the children reach the age of eighteen, or as long as the children remain enrolled in high school, whichever occurs last, except as otherwise provided below in [p]aragraph 3.14." Paragraph 3.14 stated:

3.14 POST SECONDARY EDUCATIONAL SUPPORT.

Other:

The obligor parent [Father] shall maintain one or more investment accounts into which he shall make regular deposits for purposes of post-secondary educational support of the children. [Mother] shall be entitled to a written report as to the balance of any such account, and the identity and performance of the investments therein, within 30 days after mailing a written request to the obligor parent.

On July 11, 2001, Father registered the parties' Washington dissolution decree as a foreign judgment in the circuit court of Christian County, Missouri, where Mother and the children were residing, and filed a motion to modify its terms. Father's motion was tried on December 6, 2002. On October 2, 2003, the court entered its "Modification Judgment" as to Child Support and Parenting Plan ("first modification judgment"). The first modification judgment changed the parties' contact schedule with the children, lowered Father's monthly child support obligation from $2,600 to $1,614, and found that Father had contemptuously failed to make any contributions to the children's college fund accounts as required by the Washington decree. The court then further found that Father had purged himself of that contempt by "depositing some funds into said college fund accounts[ ]" and "determine[ed] that [Father] may remain in compliance with the Washington State Decree provisions as to the college fund accounts by depositing some amount into the college fund regularly. As the Washington State Decree is silent as to the amount and the times of deposits, the [c]ourt presumes that any regular amount would suffice." Neither party appealed the first modification judgment.

On June 13, 2008, Mother filed a Motion for Contempt—which accused Father of having violated the terms of the first modification judgment—along with a motion to modify the first modification judgment pursuant to section 452.340 RSMo, Cum. Supp.2006.[3] Mother's motion to modify alleged there had been a substantial and continuing change in the circumstance of the parties and the children and sought, among other things, an order "making the parties responsible for a proportionate amount [of the children's college expenses] [based on] their respective gross income." Father's "answer" to Mother's motion alleged the trial court lacked "jurisdiction" to modify either the post-secondary edu-

---

3. Section 452.340 governs an initial award of child support in a dissolution action. We presume the statute Mother meant to reference was section 452.370, which allows the modification of existing child support orders

"only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Section 452.370.1 RSMo 2000.

cation provisions of the Washington decree or the duration of the child support award set forth therein. Father also filed an amended counter-motion to modify that requested a reduction of his child support obligation based on allegations that his income had decreased, that Mother's income had increased, and that their eldest child had "reached the age of majority for the State of Washington and, according to the [original Washington decree], she [wa]s [there]by emancipated as of [the date of her 18th birthday]."

The competing motions were tried on June 11, 2009, and the trial court entered its judgment on March 19, 2010. As relevant to the issue raised on appeal, the judgment included the following findings:

1. A Judgment of Dissolution of Marriage was entered in the Superior Court of Washington, County of Pierce[,] on March 23, 2001. In said Decree, the Court ordered child support to be paid "until the children reach the age of 18 or as long as the children remain enrolled in high school, whichever occurs last, except as otherwise provided below in Paragraph 3.14." Paragraph 3.14 of the Judgment states that "The obligor parent shall maintain one or more investment accounts into which he shall make regular deposits for purposes of post-secondary educational support for the children. The Wife shall be entitled to a written report as to the balance of any such account, and the identity and performance of the investments therein, within 30 days after mailing a written request to the obligor parent."

   . . . .

8. [Mother's] Motion to Modify Judgment of Child Support, filed June 13, 2008, in which [Mother] alleges that there has been a substantial improvement in [Father's] financial condition; that the children have expressed a desire to enroll in college and the needs for educational expenses have increased; and, inter alia, that the age of majority is now 21 years of age, is denied.

   . . . .

10. [Father's] Counter Motion to Modify is sustained regarding child support. The Court finds that substantial and continuing changes of circumstance have occurred in regard to [Father's] income. The Court finds [the parties' current incomes and sets child support in the presumed amount as set forth in its attached Form 14].

11. The Court finds that the minor children will [sic] are emancipated by law at age 18. The Court finds that the emancipation language of the Washington Decree is controlling and cannot be modified or otherwise changed in the State of Missouri. Accordingly, the Court finds the minor child, [eldest child], to be now emancipated and [youngest child] is emancipated as of October 29, 2009, the date upon which he turned age 18.

### Analysis

Neither party requested findings of fact or conclusions of law. In a court-tried case, "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(c); *Walker v. Walker*, 631 S.W.2d 68, 71 (Mo.App. E.D.1982).

■ Section 454.973(c) RSMo 2000, a portion of the Uniform Interstate Family Support Act as enacted in Missouri, states, "A tribunal of this state may not modify any aspect of a child support order that may not be modified under the law of the

issuing state." This section prohibits a Missouri court from extending the duration of a child support order beyond that allowed under the law of the issuing state. *Kerr v. Kerr,* 100 S.W.3d 912, 915 (Mo. App. W.D.2003); *Lunceford v. Lunceford,* 204 S.W.3d 699, 708–09 (Mo.App. W.D. 2006). The parties agreed at oral argument that Washington state law governs whether the trial court had the ability to modify the Washington decree's provisions concerning post-secondary education expenses and the age at which the children would no longer be eligible to receive child support.

Mother's motion alleged that a child support modification was necessary because there had been a substantial and continuing change in the circumstances of the parties and the children since the first modification judgment was entered. Washington, like Missouri, also allows a modification in child support "upon a showing of a substantial change of circumstances." Section 26.09.170($l$)(b) of the Revised Code of Washington.[4] Another subsection of the Washington statute provides that "[u]nless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child or by the death of the parent obligated to support the child." Section 26.09.170(3). Section 26.28.010—entitled "Age of majority"—states, "Except as otherwise specifically provided by law, all persons shall be deemed and taken to be of full age for all purposes at the age of eighteen years." The Supreme Court of Washington, in *Gimlett v. Gimlett,* 95 Wash.2d 699, 629 P.2d 450 (1981), rejected a contention that the Washington legislature intended "emancipation" to mean

"cessation of dependency" and held that emancipation "occurs upon reaching the age of majority [the child's 18th birthday] or emancipation in fact whichever event first occurs." *Id.* at 452–54.

After citing the aforementioned legal authority, Mother asserts: "The issue is whether or not Washington state law allows child support, and in particular post-secondary educational expenses, to be ordered past the children's eighteenth birthdays." After framing the issue in this manner, Mother cites statutory and case law authority that answers this question in the affirmative. Father's brief asserts the issue as framed by Mother is a "straw man" because the trial court did not rule that it "did not have jurisdiction to order child support and college expenses past the parties' children's eighteenth birthdays[.]" We agree.

Although Mother's point on appeal attempts to aggregate the trial court's separate rulings on the parties' motions to modify into a decision that it lacked jurisdiction to order child support and college expenses after the children were over eighteen years of age, the trial court could not determine when child support terminated until it first determined whether it should grant Mother's motion to increase and extend the existing decree's child support provisions. And while Father's "answer" to Mother's June 13, 2008, motion to modify did assert a claim that the trial court "lack[ed] jurisdiction to modify the post secondary provisions of the original decree[,]" it also denied that a substantial change in circumstances, at least as alleged by Mother, had occurred since the first modification judgment was entered.[5]

---

4. All references to Washington statutes are to RCWA (West 2008).

5. The substantial changed circumstances alleged by Father in his counter-motion to mod-

ify were that Father's income had decreased significantly and that the parties' eldest child had become emancipated.

The basis for Mother's motion to modify, as permitted under both Missouri and Washington law, was a claim that changes "so substantial and continuing in nature" existed such that it was "in the best interest of [the children] for the [c]ourt to modify said [j]udgment." The substantial changed circumstances alleged by Mother were: (1) Father's financial condition had significantly improved; (2) the children's schooling costs have increased; (3) Father failed to pay ordered medical expenses and thereby increased Mother's financial responsibilities; (4) Father has not made a court-ordered educational fund available for education expenses; and (5) the law has changed such that the age of majority is now twenty-one. The only facts cited in Mother's brief as support for these assertions were the following.

Mother testified that the parties' eldest child had graduated from high school, had turned eighteen years old in July 2008, and was currently a sophomore at a local community college. She testified that their youngest child had also graduated from high school and was enrolled to begin attending the same community college in the fall. Mother submitted an exhibit that listed the children's college expenses and testified that they were attending the community college because they could not afford to attend a four-year institution. She testified that Father was earning $5,300 per month as a pilot for Air Tran and received $2,034 per month in military retirement benefits. Father testified that he has maintained investment accounts for the children since 2003 as well as savings accounts for them into which he has made monthly $25 deposits and contained a balance of $5,200 at the time of trial which had not yet been disbursed.

As set forth above, the trial court's judgment resolved the parties' competing motions to modify in separate paragraphs and disposed of Mother's motion first. Nothing in the judgment indicates that the trial court's denial of Mother's motion was based on any legal inability to grant relief as opposed to a belief that Mother had failed to prove the circumstances alleged in her motion. The trial court found that Father's financial position had worsened, not that it had substantially improved as claimed by Mother. And although we presume that the children's college expenses were greater than the educational expenses they had incurred while attending a public high school, Mother's brief does not cite any evidence that the children's college expenses were in excess of what the parties had contemplated when they reached their agreement on the post-secondary education funding mechanism set forth in their original decree and maintained in the first modification judgment. The mere fact that the children had actually entered college could not qualify as a changed circumstance because, as Mother concedes in her brief, "[t]he parties' dissolution decree clearly contemplated the children going to college as it included a somewhat vague provision concerning post-secondary educational support."

Viewing the evidence in the light most favorable to the judgment, as we must, the trial court properly denied Mother's motion based on her failure to prove the claims set forth therein. Having rejected Mother's claim, the trial court then correctly determined that the children were emancipated as of the dates of their eighteenth birthdays as required by the terms of the parties' decree and Washington law. As a result, we do not need to determine whether the trial court could have increased and extended the decree's child support provisions if it had found that a substantial and continuing change of circumstances as alleged by Mother had been sufficiently proven. Mother's point fails,

and the judgment of the trial court is affirmed.

BARNEY, P.J., and LYNCH, J., concur.