**In re The Marriage of Carolyn MILLER (Seymour), Respondent,**

**v.**

**Terry Bruce MILLER, Appellant.**

**No. WD 42035.**

Missouri Court of Appeals, Western District.

Feb. 27, 1990.

Thomas R. Summers, Utz, Litvak, Summers, Powers & Manring, St. Joseph, for appellant.

Zel M. Fischer, and James D. Boggs, Kansas City, for respondent.

Before GAITAN, P.J., and CLARK and MANFORD, JJ.

CLARK, Judge.

The issue in this dissolution of marriage case is whether maintenance for a term of years payable in accordance with the terms of a settlement agreement and ordered in the decree to be paid as contractual maintenance terminates upon remarriage of the wife.

The decree dissolving the parties' marriage was entered January 22, 1987. A settlement agreement had previously been signed including the provision that the husband pay maintenance to the wife at the rate of $400.00 per month for fifteen years. On December 24, 1987, the wife was remarried and is now the spouse of Glenn Seymour. From the date of the decree to the date of the hearing on the wife's motion to hold the husband in contempt, January 26, 1989, the husband had made no payments on account of maintenance and was in arrears as of that date in the amount of $9600.00.

The judgment from which this appeal is prosecuted found the husband in contempt for a willful failure to pay the maintenance ordered in the decree and ordered the husband remanded into custody until he purged himself by payment of the sums owed the wife. This appeal does not, however, question the judgment of contempt, but rather charges the court with error in denying the husband's motion to order maintenance payments terminated as of December 24, 1987, the date of the wife's remarriage. The subject of the contempt adjudication will therefore not be addressed.

Documents relevant to the issue on appeal are the settlement agreement dated January 16, 1987 and the dissolution of

marriage decree. The former contained the following paragraph:

Contractual Maintenance. The parties hereby agree that the Husband shall pay to the Wife contractual maintenance of Four Hundred Dollars ($400.00) per month as and for contractual maintenance for fifteen (15) years.

The decree included the following:

That Respondent shall pay to the Petitioner as and for contractual maintenance the sum of $400.00 with the first $400.00 payment due on the 1st day of February, 1987 and on the 1st day of each month thereafter for 15 years.

The decree also recited that the settlement agreement had been examined by the court and found not to be unconscionable, but the agreement as such was not incorporated in or set forth in the decree.

The point of error on appeal contends that the trial court erred in not declaring that the maintenance obligation terminated on the wife's remarriage because neither the settlement agreement nor the dissolution decree provided otherwise. Appellant relies on § 452.370.2, RSMo Cum.Supp. 1989, to support his position. The statute reads as follows:

Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future statutory maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.[1]

The husband's argument is that the court was required by the statute to declare the maintenance terminated on the wife's remarriage because neither the settlement agreement nor the decree provided otherwise.

A similar problem was discussed in La-Barge v. Berndsen, 681 S.W.2d 441 (Mo. banc 1984). There, the parties had entered into a separation agreement which provided for payment of maintenance to the former wife "for as long as she shall live." There was no mention of the consequences upon the maintenance obligation of the wife's remarriage. On the occurrence of that event, however, the husband ceased payments. When the wife ordered out a garnishment and the husband moved to quash, the trial court took evidence to ascertain what the intention of the parties was when they entered into the agreement. Even though the court found the intention to have been that the obligation for payment of maintenance would survive remarriage, it ordered the garnishment quashed, believing that the statute, § 452.370.2, required that result. The supreme court reversed.

The opinion in LaBarge holds that if a settlement agreement in a dissolution of marriage case is such that its terms convey more than one meaning so that reasonable persons may fairly differ in interpreting those terms, it is ambiguous and resort may be had to extrinsic evidence, including parol evidence, to determine the true intent of the parties to the contract and resolve the ambiguities. LaBarge, 681 S.W.2d at 443–44. In that case, the evidence supported a finding of intention by the parties that maintenance payments should continue after the wife's remarriage and therefore the settlement agreement satisfied the condition imposed by the statute to avoid automatic termination.

The LaBarge court was obviously concerned with the words of the statute, "otherwise agreed in writing," and the use of implication or inference to create an obligation disfavored as a general principle. In an earlier case, Desloge v. Desloge, 617 S.W.2d 486 (Mo.App.1981), the eastern district of this court had held that neither an implied agreement nor an exclusionary inference could satisfy the dictate of the statute and prevent termination of maintenance on remarriage. LaBarge overruled that holding in Desloge to the extent that where implication or inference creates a reasonable ambiguity with respect to nontermination, the completeness and integration of the agreement will not prevent resort to extrinsic evidence in order to determine the parties' true intent. LaBarge, 681 S.W.2d at 445.

---

1. The statute in the present form as quoted was in effect when the parties entered into their agreement. Later amendments did not alter this subsection.

The question therefore becomes whether the settlement agreement in this case reciting the terms for payment of maintenance creates a reasonable ambiguity. We find that it does. As *LaBarge* indicates, it is sufficient to demonstrate an ambiguity that the terms may reasonably be interpreted as providing that maintenance is not to terminate on remarriage. The fact that the agreement provides for payment of maintenance for a term of fifteen years and that remarriage may well occur during that time gives rise to one of several possible inferences that maintenance is to continue after the wife's remarriage. In other words, the fact that a stipulated payment term for maintenance was agreed without qualification as to subsequent or intervening events gives rise to a reasonable inference that the stated obligation was not intended to be affected by later events, including remarriage. This is not to say that such is the only possible inference, only that it is one reasonable inference.

*LaBarge* also holds that once it has been concluded that the settlement agreement is ambiguous, resort may be had to extrinsic evidence to resolve the ambiguities. Such evidence was presented here. The wife testified that at the time the settlement was under discussion, she and the husband had applied for a fifteen year loan on their house. The maintenance payment of $400.00 represented approximately one-half of the anticipated mortgage payment and the wife insisted that this be guaranteed to her for the term of the loan on which she would be obligated. The maintenance payment was therefore structured to coincide with the period for the mortgage loan. Based on this evidence, the trial court found the maintenance order to be non-modifiable. The evidence supports that conclusion which is reinforced by the absence of any testimony by the husband or any other evidence to the contrary. The husband had paid no maintenance at all, either before or after the wife's remarriage, indicating his failure to make the payments was simply because he did not have the money.

For the reasons stated, the trial court correctly denied the husband's motion to modify the decree as respects maintenance. That judgment is affirmed.

All concur.