**Charlotte A. BROWN, Appellant,**

v.

**Paul Wilson BROWN, Respondent.**

**No. 61866.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 23, 1993.

Christopher Karlen, Mark F. Hearne, II, St. Louis, for appellant.

Gregory R. Futhey, Lake St. Louis, for respondent.

CRIST, Judge.

Charlotte A. Brown [Wife] filed a motion for contempt against her former husband, Paul Wilson Brown [Husband], for his alleged violation of the parties' divorce decree. The trial court granted part of Wife's motion and denied part. Wife appeals. We affirm.

On October 28, 1988, Husband and Wife obtained a decree of dissolution into which was incorporated their separation agreement. Prior to their dissolution, Husband and Wife had entered into a real estate contract. Their separation agreement provided for distribution of the property which was the subject of the real estate contract, and for division of past and future payments owed pursuant to the contract. That provision provided:

> The parties have agreed that the real estate at 222 Avery, Kirkwood, Missouri, shall become the sole and exclusive property and responsibility of the Wife, and *she assume [sic] and agrees to pay any and all monies owed under said real estate option-contract. The Husband shall pay all unpaid payments currently due on said loan for any period prior to delivery of a Quit Claim Deed transferring any right, title and interest he may have in said property to the Wife.* The Wife will hold the Husband harmless should this creditor proceed against him upon her default and Wife shall pay to the Husband any reasonable attorney's fees that he may have expended in the defense of any such claim.

(emphasis added).

Wife filed a motion for contempt against Husband asserting, inter alia, Husband had not delivered a quit claim deed to Wife and had not continued to make the payments due under the real estate contract. Wife asserts the separation agreement ordered Husband to make all payments which came due under the real estate contract up until the time he actually transferred his interest in the property to Wife by quit claim deed. The trial court found Husband was not obligated to make such payments.

Wife asserts two points of error. First, she alleges the trial court's interpretation of the divorce decree was an improper modification. Second, she asserts the divorce decree was unambiguous and the trial court erred in finding the parties did not intend for Husband to make the loan payments due prior to the date Husband delivered the quit claim deed. Wife's second point is dispositive; we address it, only.

Some language in the decree supports the court's interpretation; the decree states Husband shall pay all unpaid payments *"currently due* on said loan." A payment due subsequent to the entry of the decree does not qualify as a payment currently due. However, the decree appears to specify the time in which these payments may be "currently due" as "for any period prior to the delivery of a quit claim deed." The fact that the quit claim deed had the potential to be delivered after the time of the divorce decree supports Wife's position.

■ A decree which conveys more than one meaning such that reasonable persons may disagree is ambiguous. *See Miller v. Miller,* 784 S.W.2d 891, 892 (Mo.App. 1990). However, if an interpretation of a contract or agreement yields unreasonable results, we will reject it in favor of a probable and reasonable construction. *See Jim Carlson Const., Inc. v. Bailey,* 769 S.W.2d 480, 482[4] (Mo.App.1989).

■ Wife was ordered to pay "any and all monies owed" under the option contract; nothing in this statement indicates Wife's obligation was to begin only after Husband delivered the quit claim deed. To interpret Husband's obligation as extending beyond the debts current at the time of the decree, leaves the parties with overlapping obligations. Such an interpretation is unreasonable in light of the intent of the parties, as stated in the separation agreement, to "settle all property rights, claims and interests of and between them." The trial court's interpretation of the agreement was supported by substantial evidence. Point denied.

The judgment of the trial court is affirmed.

AHRENS, P.J., and

REINHARD, J., concur.