**Michael A. RIENER, Appellant,**

v.

**Patricia RIENER, k/n/a Patricia Benson, Respondent.**

**No. 68624.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 9, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 4, 1996.

Application to Transfer Denied
Aug. 20, 1996.

---

1. It was clear early on that the injuries were serious, and the bus driver admitted driving carelessly.

David L. Campbell, St. Louis, for Appellant.

Greg L. Roberts, Chesterfield, for Respondent.

KAROHL, Judge.

Michael Riener (Husband) appeals a denial of his "MOTION TO MODIFY AND FOR PRELIMINARY INJUNCTION" which requested an interpretation of a qualified domestic relations order (QDRO) which was part of a separation agreement, incorporated into the decree of dissolution. We affirm in part, and reverse and remand in part.

The parties were divorced December 15, 1989. The decree incorporated a separation agreement which included two QDROs, dividing Husband's two employee pension plans: one with a Shell Provident Fund (Provident Fund), the other with a Shell Pension Trust (Pension Trust). The Provident Fund was divided 60% to Patricia Riener (Wife) and 40% to Husband; the Pension Trust was divided equally. With respect to this appeal, the parties only address the Provident Fund.

On June 24, 1993, the parties filed a joint motion to modify the decree because the plan administrator determined the QDRO did not comply with 26 U.S.C. § 414(p) and 26 U.S.C. § 206(d)(3). The parties consented to a technical modification of the decree to satisfy the requirements for qualification of the QDRO.

On December 30, 1994, Husband filed another motion to modify the QDRO portion of the decree and requested a preliminary injunction. On April 12, 1995, Wife filed a motion to enforce the QDRO. The trial court heard both motions. It denied Husband's motion to modify and preliminary injunction, and sustained Wife's motion to enforce the QDRO. This appeal ensued.

Husband challenges the QDRO portion of the separation agreement as incorporated in the decree. The portion in dispute reads:

(f) [Husband] is the beneficiary of several employee benefit plans at the place of his employment, Shell Oil Company, and with respect thereto agrees as follows:

(i) [Wife] shall be entitled to withdraw from the Provident Fund, in accordance with the provisions thereof, an amount equal to 60% of the balance therein in [Husband's] account *as of* June 30, 1989. *[Wife] shall not be entitled to any contributions, accretions, earnings or the like in said Provident Fund accruing or accumulating after June 30, 1989 . . . .* (Our emphasis).

We review in accord with *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). A decree which conveys more than one meaning such that a reasonable person may fairly and honestly differ in the construction of the terms is ambiguous. *Young Dental Manufacturing Co. v. Engineered Products, Inc.*, 838 S.W.2d 154, 155 (Mo.App.E.D.1992); *Brown v. Brown*, 848 S.W.2d 551, 552 (Mo. App.E.D.1993). To determine if a decree is ambiguous, we consider the whole instrument and give the words their natural and ordinary meaning. *Young Dental Manufacturing Co.* 838 S.W.2d at 156.

Both parties maintain the terms relating to the Provident Fund in the separation agreement, as incorporated in the decree, are not ambiguous. However, they interpret the terms differently. Husband asserts the language in the agreement indicates Wife is not entitled to "any contributions, accretions, earnings or the like" from the Providence Fund accruing or accumulating after June 30, 1989; a date mentioned in the agreement and six months before the decree. Wife interprets the language to mean that "as of" the appointed date of valuations and division, June 30, 1989, her 60% should be found her sole and separate property and any accretions, interest or the like are hers after that date. The trial court adopted Wife's interpretation. It found Wife shall receive "any and all income, appreciation, earnings, dividends and losses accruing only as to her 60% interest as of June 30, 1989" and Husband shall receive 40% of the Provident Fund "plus any and all contributions made" by him following June 30, 1989.

We find the separation agreement relating to the Provident Fund is ambiguous. It is

susceptible of more than one meaning. We reach an interpretation that differs from the opposing interpretations of the parties. Wife is entitled to 60% of the balance of Husband's account, valued and set apart as of June 30, 1989. However, she would not receive any interest or income on her 60% interest after June 30, 1989, until the dissolution court approved the separation agreement and dissolved the marriage by decree incorporating the agreement. She gave up any claim to "accretions, earnings or the like in said Provident Fund" accruing between June 30, 1989, and December 15, 1989, the date of the decree of dissolution. After December 15, 1989, she was entitled to withdraw her 60% interest, thus, when she was awarded her interest in the decree it became her separate property. Thereafter, any increase of her interest was not subject to any terms in the settlement agreement. Wife has been and is entitled to earnings, and is subject to losses attributable to her interest in the fund, accruing on and after the date of the decree. She cannot contribute to the fund, nor is she entitled to any "contribution" made by Husband after June 30, 1989.

We affirm the trial court's findings that Wife is entitled to "any and all income, appreciation, earnings, dividends and losses accruing" as to her interest. However, we reverse and remand with instructions that the order on Wife's motion to enforce QDRO reflect her entitlement to earnings or losses began as the date of the decree of dissolution, not the date the parties agreed to define and value her interest. Wife's interest in Husband's Provident Fund became her separate property by reason of the decree of dissolution entered on December 15, 1989. If this opinion requires an accounting to adjust the rights of the parties the court may require one.

We affirm in part. We reverse and remand in part. One half of the court costs for this appeal shall be paid by each party.

REINHARD, P.J., and GRIMM, J., concur.