**Catherine H. FRAGER, Petitioner–Respondent,**

v.

**Julius Z. FRAGER, Respondent–Appellant.**

No. 70498.

Missouri Court of Appeals, Eastern District, Division Five.

May 20, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 14, 1997.

Application to Transfer Denied Aug. 19, 1997.

Appleton, Kretmar & Beatty, Robert O. Appleton, Jr., Anne L. Goodwin, St. Louis, for Appellant.

Barken & Bakewell, Bernard A. Barken, C. Michael Bakewell, St. Louis, for Respondent.

KAROHL, Judge.

Julius Z. Frager (Husband), appeals from a final judgment on his motion to Determine Judgment and Decree, filed in 1995, and Catherine H. Frager's (Wife's) motion to revive judgment. The trial court: (1) found an ambiguity in the maintenance provisions of the parties' "*STIPULATION, PROPERTY SETTLEMENT AND SEPARATION AGREEMENT*" (Separation Agreement) involving the conditions for termination of Husband's payment of Wife's medical expenses; (2) held the termination provision in subparagraph 12B of the agreement is specific while the termination provision in 12D is general to all five subparagraphs of paragraph 12; and, (3) held the specific termination provision in subparagraph 12B describing payment for medical expenses defines the conditions for termination of Husband's payment of Wife's medical expenses. The agreement was incorporated into a 1986 Dissolution Decree. Husband did not appeal trial court's order to revive the dissolution decree.

On January 3, 1986, the dissolution court entered a decree dissolving the parties' marriage and incorporating the parties "STIPU-

LATION, PROPERTY SETTLEMENT AND SEPARATION AGREEMENT". The parties were married in 1970. They separated in 1978. She filed for dissolution in 1980. Paragraph 12 of the Separation Agreement, titled *"MAINTENANCE TO WIFE"*, is subdivided into five subparagraphs A through E. Subparagraph A provided periodic maintenance to be paid by Husband to Wife beginning with the decree "and terminating at the expiration of ten (10) years and one (1) day thereafter."

Subparagraph B describes the medical insurance coverage and payment of medical expenses to be paid by Husband for Wife:

B. *Wife's Medical Expense:* Husband shall provide and pay for medical and hospital insurance, including psychiatric AND/OR PSYCHOLOGIST, IF AVAILABLE [1], supplement with Blue Cross, Blue Shield, Major Medical, or the equivalent selected by Wife. In addition, Husband will pay all of Wife's deductible expenses and co-payment requirements under said policies, plus an amount not to exceed One Thousand Eight Hundred Dollars ($1,800.00) per year for medical, dental, hospital, psychiatric and/or psychologist, prescription drugs and prosthesic [sic] devices, including stockings. *Husband's obligations hereunder shall terminate upon the earlier to occur of Wife's remarriage or Husband's death.* [Our emphasis.]

Subparagraph C describes life insurance coverage to be provided by Husband for Wife. He agreed to pay the premiums for insurance on his life for $250,000 for five years and $150,000 for the second five years.

Subparagraph D states as follows:

D. All of the maintenance provided for herein shall terminate upon the first to occur of the following events:

(1) The remarriage of Wife.

(2) The death of Wife.

(3) The death of Husband.

(4) Ten (10) years and one (1) day after the date of the Decree of Dissolution herein.

On July 19, 1995 Husband filed *"RESPONDENT'S MOTION TO DETERMINE JUDGMENT AND DECREE"*. In his motion, Husband conceded that a possible ambiguity existed

as to the implementation of the termination of the medical expenses to be paid by [Husband]. Specifically, Paragraph 12.B provides for termination of medical expense obligations "upon the earlier to occur of Wife's remarriage or Husband's death," and Paragraph 12.D provides that all maintenance provided for in Paragraph 12 (which includes Paragraph 12.B) "shall terminate upon the first to occur of the following events: (1) The remarriage of Wife; (2) The death of Wife; (3) The death of Husband; (4) Ten (10) years and one (1) day after the date of the Decree of Dissolution herein."

However, Husband also alleged "there is no ambiguity and that Paragraph 12.D clearly provides for additional terms that terminate maintenance in Paragraph 12.B." He prayed that the trial court would determine that: (1) Paragraph 12D applies to 12B; and, (2) Husband's obligations pursuant to Paragraph 12B terminate ten (10) years and one (1) day from the date of its entry, or on January 4, 1996.

The trial court entered findings of fact, conclusions of law and judgment in favor of Wife. Specifically, it found "that an ambiguity in paragraph 12 of the Separation Agreement exists, . . . ." and, "the termination provision in 12B is specific as to that paragraph while the provision contained in 12D is general to the entire paragraph." Accordingly, the trial court held "the specific termination sentence in 12B applies to 12B, Wife's Medical Expenses . . . . and the parties intended for subparagraph 12B. medical maintenance to terminate pursuant to the termination provisions of 12B." In so holding, the trial court ordered "that [Wife's] Motion to Dismiss is sustained and that [Wife's] Motion for Revival of Judgment is also sustained."

Husband raises four points on appeal. In his first point, Husband argues the trial court erred when it determined an am-

1. "AND/OR PSYCHOLOGIST, IF AVAILABLE"     is handwritten.

biguity existed in Paragraph 12 of the parties' Separation Agreement as to the termination date of the medical maintenance awarded to Wife. Whether the terms of an agreement are ambiguous is a question of law. *Edgewater Health Care v. Health Systems,* 752 S.W.2d 860, 865 (Mo.App.1988). A contract is ambiguous only if its terms are susceptible of more than one meaning so that reasonable persons may fairly and honestly differ in their construction of the terms. *Central City Ltd. Part. v. United Post. Sav.,* 903 S.W.2d 179, 182 (Mo.App. E.D.1995).

We find an obvious ambiguity in Paragraph 12. Subparagraph 12B titled, *Wife's Medical Expense,* provides: "Husband's obligations hereunder shall terminate upon the earlier to occur of Wife's remarriage or Husband's death." Subparagraph 12B specifically describes the two events which would terminate Husband's obligation to pay Wife's medical expenses. Of course, they would no longer be pertinent on death of Wife. Subparagraph 12D includes two additional events which would terminate Husband's obligation to pay "[a]ll of the maintenance provided herein . . .": (1) the death of Wife; and, (2) ten years and one day after the entry of the Decree of Dissolution. The real difference is whether the ten year limitation applies to Husband's obligation to pay medical expenses. There is an inherent conflict on the different provisions for termination. Point denied.

Husband also argues the trial court erred when it determined the parties intended that the medical maintenance awarded to Wife would terminate pursuant to the termination language in subparagraph 12B and not subparagraph 12D. Where an ambiguity exists, it is for the trier of fact to resolve the ambiguity. *Edgewater Health Care v. Health Systems,* 752 S.W.2d at 865. Where ambiguity exists, the cardinal principle is to determine the intent of the parties. *Royal Banks of Missouri v. Fridkin,* 819 S.W.2d 359, 362 (Mo. banc 1991). To determine the intent of the parties a court will consider the entire contract, subsidiary agreements, the relationship of the parties, the subject matter of the contract, the facts and circumstances surrounding the execution of the contract,

the practical construction the parties themselves have placed on the contract by their acts and deeds, and other external circumstances that cast light on the intent of the parties. *Id.* Here, the focus was on the circumstances surrounding execution of the agreement.

This proceeding on Husband's and Wife's motions was submitted to the court on documents and memoranda. In a court-tried case the trial court's decision will be affirmed on appeal unless there is no substantial evidence to support the decision, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

There is evidence to support the finding of the trial court that the medical maintenance awarded to Wife would terminate only on Wife's remarriage or Husband's death or automatically on Wife's death, whichever occurred first. Throughout the course of the negotiations on the terms of the Separation Agreement both parties offered numerous proposals and counter proposals. Wife never wavered in her opposition to Husband's proposals that his medical maintenance obligation be limited to ten years and one day. In early drafts of the Separation Agreement, the provisions concerning medical expense payments were in a numbered paragraph separate from the provisions concerning general maintenance. In her affidavit, Wife affirmed, "[t]he reason that the continuation of [her] health insurance and the payment of premiums by [Husband] were important to [her] was because [she] had experienced cardiac arrest in 1980 and because [she] was not employed and intended to remain at home." She also affirmed that she "never, at any time agreed that [Husband's] payment of premiums for [her] health insurance and payment of some of [her] non-reimbursed medical expenses would end after ten years and one day from the date the Court entered the Decree of Dissolution." Wife's memory is supported by affidavits by her dissolution lawyer and Husband's dissolution lawyer. In a sworn affidavit, Wife's dissolution lawyer affirmed:

After the November 5, 1984, version of the Separation Agreement was delivered

to [Husband's attorney], I recall specifically [Husband's attorney] calling me late one afternoon. During that telephone conversation, [Husband's attorney] asked that if I would not agree to terminate the medical expenses obligation after ten years, would I at least agree to put that paragraph and the life insurance paragraph under monthly maintenance so that his client would have a better chance of getting the tax deduction. I did finally agree to move the medical expense paragraph and life insurance paragraph for that sole purpose;....

Similarly, Husband's dissolution lawyer, in his deposition testimony, admitted he did not recall Wife's attorney ever specifically agreeing to the ten year and one day limitation on Husband's obligation to pay for Wife's medical expenses. The age of the parties and Wife's medical problems at the time of the agreement, offer a rationale for the need of health insurance beyond the ten year and one day period. Point denied.

In his third point, Husband argues the trial court erred when it determined that the termination language in subparagraph 12B is specific and applies to that same subparagraph while the language in subparagraph 12D is general to the entire paragraph 12 and does not apply to subparagraph 12B because the trial court failed to follow the rules of construction of contract language and produced a construction that nullifies subparagraph 12D. This argument would apply to a judgment which accepted Husband's interpretation.

■■ The rule of contractual interpretation that specific words take precedence over general words applies only where there is an inconsistency or ambiguity in the language of the agreement. *Clayton Brokerage Co. v. Raleigh,* 679 S.W.2d 376, 378 (Mo.App.1984). We have affirmed the finding that there is an ambiguity in the Separation Agreement. Where one contract clause is general and inclusive, and another is more limited and specific, the more specific clause acts to modify and pro tanto nullify the more general clause. *Tri–County Retreading, Inc. v. Bandag Inc.,* 851 S.W.2d 780, 784 (Mo.App. E.D.1993). Further, the judgment does not totally nullify 12D. The provisions of 12D are meaningful and consistent with specific termination provisions of 12A and 12C. Point denied.

■ In his last point, Husband argues the trial court erred when it ordered non-modifiable medical maintenance without any termination date other than Husband's death or Wife's remarriage. He argues Missouri case law holds that maintenance may extend only so long as the need exists and non-modifiable maintenance for an unlimited time period unfairly burdens him. Paragraph 12E contains an agreement which "precluded" "any request to the Court for modification or change...." The parties, not the court, made the medical maintenance non-modifiable. Point denied.

We affirm.

AHRENS, C.J., and CRANDALL, J., concur.