Tracy Lynn BODEN,
Respondent/Cross–
Appellant,

v.

Thomas Robert BODEN,
Appellant/Cross–
Respondent.

Nos. ED 87900, ED 88198.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 15, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 19, 2007.

Application for Transfer Denied
Aug. 21, 2007.

Benicia Baker–Livorsi, St. Charles, MO, for appellant.

Jane E. Tomich, St. Charles, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The husband, Thomas Boden, appeals the December 8, 2005 judgment entered by the Circuit Court of St. Charles County which, *inter alia,* ordered him to pay $1,000 per month in modifiable maintenance to the wife, Tracy Boden, retroactive to January 9, 2003. The wife cross-appeals. We grant the wife's point on cross-appeal and reverse the trial court's judgment concerning the maintenance award. We deny the points raised in the husband's appeal because his claims of error are rendered moot by our grant of the wife's point on cross-appeal. We render such judgment as the court ought to give pursuant to Rule 84.14 and resolve the ambiguity in the parties' maintenance provision against the wife.

The parties married in 1991 and had two children. The parties separated in 2000,

and the wife filed a petition for legal separation. The husband voluntarily entered his appearance and waived service of summons. The parties negotiated the terms of a marital settlement agreement, which included maintenance. The husband expressly waived independent counsel, and the parties executed the agreement, which counsel for the wife drafted. The parties' marital settlement agreement included a provision obligating the husband to pay the wife $4,500 per month in non-modifiable maintenance "until such time as the [parties'] youngest child has reached the age of twenty-two or until such time as both children have graduated from college, whichever occurs last."[1] Thereafter, maintenance payments were to be reduced to $2,500 per month until the husband reached age 70 or the wife remarried. The parties expressly agreed that "[t]hese provisions of maintenance are non-modifiable." The parties acknowledged that each accepted the agreement of his or her own volition and that the agreement's terms were "just, equitable and not unconscionable." Finally, the parties agreed that the marital settlement agreement should be incorporated into the decree of legal separation and that it should likewise be binding and effective should the trial court ultimately enter a decree of dissolution.

The husband did not appear for trial on the wife's petition for legal separation. On February 2, 2001, the trial court entered its judgment of legal separation in which it specifically found the parties' marital settlement agreement not unconscionable and ordered the husband to pay the wife maintenance pursuant to the parties' agreement. Seven months later, in September 2001, the husband sought to have the decree of legal separation set aside, citing Rules 74.05 and 74.06. The husband presented no evidence of fraud, mistake, deceit, duress, or other improper conduct in support of his motion. Rather the husband testified, in an entirely conclusory manner, that he believed all provisions of the marital settlement agreement were modifiable and that the decree of legal separation was a temporary order, despite plain language in the parties' agreement to the contrary. He testified that he read the agreement before signing it, but in retrospect he believed he did not understand it.

Six years after entry of the decree of legal separation, after numerous motions to set aside, to reconsider, for rehearing, and for new trial, and after a prior remand following appeal,[2] we are left with a record in this case containing more than ten judgments and orders altering the judgments.[3]

This appeal follows in which both parties claim trial-court error as to the award of

---

1. The provision does not make clear what amount of maintenance would be payable if both children do not graduate from college.

2. *In re Boden*, 136 S.W.3d 824 (Mo.App. E.D. 2004).

3. On February 2, 2001, the trial court entered Findings, Recommendations and Judgment and Decree of Legal Separation, wherein the court found that the parties' marital settlement agreement was not unconscionable, incorporated the agreement into the decree, and ordered the husband to pay the wife $4,500 per month in non-modifiable mainte-

nance. The court entered its Judgment and Order of Modification of Judgment and Decree of Legal Separation on November 20, 2001, finding that there was no showing that the husband's consent to the marital settlement agreement was induced by fraud, mistake, or deceit. On November 26, 2001, the trial court issued a Memorandum setting aside the November 20, 2001 judgment so that the husband could present evidence.

The trial court heard the parties' evidence, and on September 24, 2002, the court entered its Judgment of Modification of Judgment and Decree of Legal Separation. The court adopted its earlier finding that there was no

maintenance. The husband contends, among other claims, that he should not have to pay the wife any maintenance.[4] The wife on cross-appeal claims the trial court should be bound by the parties' original agreement for non-modifiable maintenance of $4,500 per month.

A careful review of the record reveals that the trial court never found the marital settlement agreement unconscionable, nor did it find any evidence of fraud, mistake, deceit, nor any other grounds for relief under Rule 74.05 or 74.06. Although the trial court found an ambiguity in one of the maintenance provisions, a topic to which we shall return, the trial court expressly found that the separation agreement was not unconscionable and found that "[t]here is no showing that the [husband's] consent to the Marital Separation Agreement was induced by fraud, mistake or deceit." In so finding, the trial court implicitly denied the motion to set aside the decree of legal separation. Nevertheless the court repeatedly reconsidered and modified the maintenance provisions of the February 2, 2001 decree of legal separation.

 In proceedings for dissolution of marriage or legal separation, except for provisions relating to child support, custody, and visitation, the terms of a separation agreement are binding upon the court unless the court finds that the agreement is unconscionable. Section 452.325.2 RSMo. (2000).[5] If the court finds that the agreement is not unconscionable, and unless the agreement provides to the contrary, the terms of the agreement shall be set forth in the decree. Section 452.325.4. Except for terms concerning child support, custody, or visitation, the decree may expressly preclude modification of its terms if the separation agreement so provides. Section 452.325.6. A court should not in-

---

showing of fraud, mistake, or deceit. The trial court then found, however, that the maintenance provision was ambiguous and that justice was not served by non-modifiable maintenance. On December 2, 2002, the court entered Judgment Granting Petitioner's Motion for Reconsideration, in which it set aside the September 24, 2002 judgment.

On January 9, 2003, the trial court entered its Order and Judgment of the Court, wherein it found the maintenance provision vague, indefinite, ambiguous, and unenforceable. The court struck the maintenance provision in its entirety from the judgment, leaving the parties with no maintenance provision. Following an intervening appeal and remand, the court then entered a Judgment and Decree of Dissolution on January 24, 2005, dissolving the marriage and reserving all other issues for trial. The trial court entered its Amended Judgment and Decree of Dissolution Nunc Pro Tunc on March 14, 2005, correcting the date of the Judgment and Decree of Dissolution.

After two days of trial, the court entered a Judgment and Decree Amending Judgment and Decree of Dissolution of Marriage on December 8, 2005. At this point, the court awarded the wife modifiable maintenance in the amount of $1,000 per month, retroactive to January 9, 2003. On February 15, 2006, the court entered its Judgment Denying Respondent's Motion for New Trial and Denying in Part and Granting in Part Respondent's Motion for Rehearing and Reconsideration. In this judgment, the trial court found, *inter alia,* that the maintenance award in the original judgment was "fair and equitable" in amount. On March 9, 2006, the trial court entered a Judgment in which the parties consented to a change in visitation with the children. Finally, on April 3, 2006, the court entered its Judgment Denying Respondent's Second Motion for New Trial and Motion for Rehearing and Reconsideration.

4. In three points on appeal, the husband claims the trial court erred in ordering that he pay the wife $1,000 per month in modifiable maintenance and that he pay such maintenance retroactively to January 9, 2003 The husband also claims error in that he failed to receive a $54,000 credit toward his court-ordered obligations for maintenance paid under a previous judgment, which was set aside.

5. All statutory references are to RSMo. (2000).

terfere with a couple's non-modifiable agreement, absent a showing of unconscionability or contravening public policy. *Mason v. Mason,* 873 S.W.2d 631, 635 (Mo.App. E.D.1994). "[W]hen the parties expressly agree to preclude modification of maintenance and the court incorporates that agreement into the decree, the agreement is binding on the court." *Davis v. Davis,* 687 S.W.2d 699, 702 (Mo.App. E.D. 1985).

■ Here, the trial court found that the agreement was not unconscionable. The trial court incorporated the agreement into the decree of legal separation as the parties expressly intended and ordered the husband to pay the wife $4,500 per month in non-modifiable maintenance as the parties expressly agreed. Many months later, the trial court embarked down the path of serial reconsiderations and modifications. Such modifications constitute reversible error. "A non-modifiable agreement which the court found conscionable at the time of its execution does not suddenly become unenforceable due to changed circumstances." *Richardson v. Richardson,* No. SC 87641, 218 S.W.3d 426, 429, 2007 WL 827399, at *2 (Mo. banc Mar. 20, 2007) (quoting *Mason v. Mason,* 873 S.W.2d 631, 635 (Mo.App. E.D.1994)).

Having found the parties' marital settlement agreement not unconscionable and having heard no evidence nor made any findings to warrant relief pursuant to Rules 74.05 or 74.06, the trial court was bound by the terms of the agreement concerning non-modifiable maintenance. The trial court erred when it entered its December 8, 2005 judgment containing a maintenance provision different than that contained in the parties' marital settlement

agreement. The trial court had no authority under the parties' agreement, the decree of legal separation, or section 452.325 to modify the maintenance terms of the parties' agreement. *Id.*

We grant the wife's point on cross-appeal and reverse the December 8, 2005 judgment of the trial court as to the maintenance award. The husband's points on appeal are rendered moot by granting the wife's point because the husband's points all claim error as to the maintenance provisions of the December 8, 2005 judgment. Because those maintenance provisions are reversed, the husband's claims of error are rendered moot and are denied.[6]

■ As we mentioned earlier, during this extended litigation, the trial court correctly determined that the original maintenance provision contained an ambiguity. We agree that an ambiguity exists as to the point in time when maintenance shall be reduced in the original maintenance provision. A separation agreement is a contract. *Mason,* 873 S.W.2d at 635. "The cardinal rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention." *Eveland v. Eveland,* 156 S.W.3d 366, 368 (Mo.App. E.D.2004) (2–1 decision) (quoting *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club,* 491 S.W.2d 261, 264 (Mo. banc 1973)). Where an ambiguity exists, the parties' intention is a question of fact for the trial court to resolve by referring to extrinsic evidence. *Id.* at 369. Here, we need not remand the cause to examine further the question of the parties' intent[7] because, in her brief, the wife proposes resolving the ambiguity against her. After six years of litigation, the parties are entitled to a resolution of their

---

**6.** The husband makes no other alternative claims of error as to any other judgment rendered.

**7.** The wife testified that she believed the maintenance payments would decrease "after the children reached a certain age or graduated from college." The husband testified that

dissolution. Rather than remanding this case to the trial court, we render such judgment as the court ought to give pursuant to Rule 84.14. We adopt the following language, which resolves the ambiguity in the maintenance provision against the wife.

Respondent [husband] shall pay to Petitioner [wife] non-modifiable maintenance in the amount of Four Thousand Five Hundred Dollars ($4,500.00) per month from the entry of the Judgment of Legal Separation until such time as the younger child has reached the age of twenty-two years or until such time as both children have graduated from college, whichever occurs first. Once the younger child reaches the age of twenty-two years or once both children have graduated from college, whichever occurs first, Respondent shall pay to Petitioner the sum of Two Thousand Five Hundred Dollars ($2,500.00) per month as non-modifiable maintenance until Respondent reaches the age of 70. Once Respondent reaches the age of 70, maintenance shall terminate. Maintenance shall also terminate upon the remarriage of the Petitioner.

The foregoing language proposed by the wife shall replace the maintenance provision in the parties' marital settlement agreement. The language shall be incorporated into the February 2, 2001 decree of legal separation and the December 8, 2005 amended decree of dissolution.[8]

GLENN A. NORTON, P.J., and KENNETH M. ROMINES, J., concur.

---

he thought maintenance would end when the children reached age 22

8. The provisions of the judgment of February 15, 2006, which provided the husband with a credit for excess child-support payments to be applied toward his maintenance obligation, are not contested on appeal and remain binding on the parties. Likewise, the judgment of March 9, 2006, which modified child custody and visitation by consent, still binds the parties.