

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| SUSAN JOSEPH, F/K/A SUSAN SCHRAUTH, | ) | No. ED109631 |
| | ) | |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Renee D. Hardin-Tammons |
| ERIC SCHRAUTH, | ) | |
| | ) | |
| Appellant. | ) | Filed: March 15, 2022 |

## I.      Introduction

Eric Schrauth ("Eric"), the former spouse of Susan Schrauth (n/k/a Susan Joseph) ("Susan") (Eric and Susan are hereinafter collectively the "Parties" or individually a "Party"[1]), appeals from the judgment of the Circuit Court of St. Louis County, which granted Susan's motion to dismiss Eric's motion to modify the Parties' negotiated divorce decree. Eric's motion to modify had requested, *inter alia*, that the circuit court terminate his current maintenance obligation to Susan based on a purported "substantial and sustained" change in her circumstances. In his sole point on appeal, Eric argues that the circuit court erred in granting Susan's motion to dismiss because the divorce decree was ambiguous as written; furthermore,

---

[1] Because the parties share a common surname, we refer to them herein by their first names for ease of reference, but mean no disrespect thereby.

the applicable maintenance statute—§ 452.335[2]—requires that a spousal maintenance obligation be deemed modifiable absent a specific provision that it is non-modifiable, which he argues is not included in the Parties' divorce decree with respect to his current maintenance obligation. We affirm.

## II.      Factual and Procedural History

On January 24, 2020, the Circuit Court of St. Louis County entered a negotiated *Judgment of Dissolution of Marriage* (the "Dissolution Judgment") whereby the Parties' marriage was dissolved. In preparing the Dissolution Judgment, the Parties used a four-page form document made available to litigants in Missouri courts (Form CCFC187-11/09), and all appropriate blanks were completed.

Paragraph 14 of the Dissolution Judgment addressed Eric's maintenance obligation to Susan, and the Parties checked the box that required Eric to pay monthly maintenance to Susan. In the blanks provided, the parties handwrote "$800," and also indicated that this monthly maintenance obligation was not subject to modification. Specifically, the relevant portion of paragraph 14 stated as follows: "Respondent is ordered to pay Petitioner the sum of *$800.00* per month as and for maintenance. Said maintenance is *not* subject to modification." The italicized portions of the foregoing were handwritten in the appropriate blanks. In addition, on the blank line directly below paragraph 14, the Parties handwrote the following: "Maintenance from 2/2020 through 2/2021 shall be $800.00. Thereafter shall be $1000.00 until Petitioner [Susan] can collect social security by existing law." The following is an image of paragraph 14 of the Dissolution Judgment (which also shows part of paragraph 15), including the handwritten portions:

---

[2] All statutory references are to Mo. Rev. Stat. Cum. Supp. (2021), unless otherwise specified.



Maintenance

14. Maintenance to Petitioner
☐ No maintenance is to be paid to Petitioner by Respondent. This order is not subject to modification.
☒ Respondent is ordered to pay to Petitioner the sum of $800.00 per month as and for maintenance. Said maintenance is _not_ subject to modification.

Maintenance from 2/2020 through 2/2021 shall be $800.00. Thereafter shall be $1000.00 until Petitioner can collect Social security by existing law.

☐ The court lacks jurisdiction to enter any orders with respect to maintenance of Petitioner.

15. Maintenance to Respondent
☒ No maintenance is to be paid to Respondent by Petitioner. This order is not subject to modification.
☐ Petitioner is ordered to pay to Respondent the sum of _____ per month as and for maintenance. Said maintenance is _____ subject to modification.

In connection with the entry of the Dissolution Judgment, each Party executed a form document (Form CCFC194-11/09) denominated *Affidavit of Judgment*, whereby they attested that the information contained in the Dissolution Judgment was true and accurate to the best of their information, knowledge, and belief (the "Dissolution Affidavits"). The Affidavits were notarized on the same date the Dissolution Judgment was entered and were attached thereto.

The Dissolution Judgment also incorporated the Parties' *Separation and Settlement Agreement* (the "Separation Agreement"), dated January 24, 2020, by which the Parties divided their property and addressed numerous related issues. Section 4 of the Separation Agreement likewise addressed the Parties' maintenance obligations to one another, and subsection 4.1 specifically addressed Eric's maintenance obligation to Susan as follows: "Respondent shall pay Petitioner ____ per month *until first eligible for social security under existing law*." The italicized portion of the foregoing was handwritten. Directly above the blank space for the amount of monthly maintenance, the Parties handwrote the following: "∧ $800 from 2/2020 through 2/2021, then $1,000.00 per month thereafter." It also appears that the Parties placed their initials directly above the handwritten portions of subsection 4.1. However, subsection 4.1 of the Separation Agreement does not state whether Eric's maintenance obligations are subject to modification. Subsection 4.2 of the Separation Agreement states that Eric waives any maintenance from Susan, and further states that this provision "is not subject to modification."

3

The following is an image of Section 4 of the Separation Agreement, including the handwritten portions:

4. **MAINTENANCE** $800.00 from 2/2020 through 2/2021 then

4.1 Respondent shall pay Petitioner $1,000.00 per month until first eligible Month thereafter for social security under existing law.

4.2 Respondent waives maintenance from Petitioner and said provision is not subject to modification.

In connection with the execution of the Separation Agreement, each Party executed an affidavit whereby they attested that they have read the Separation Agreement, that they are of sound mind, that they understand the contents of the Separation Agreement, and that the statements contained therein are true and accurate to the best of their knowledge and belief (the "Separation Affidavits"). The Separation Affidavits were notarized and attached to the Separation Agreement.

On November 10, 2020, Eric filed his *Motion to Modify* (the "Motion to Modify"), which requested that the circuit court enter an order modifying the Dissolution Judgment as follows: (1) terminating his spousal maintenance obligation; (2) recalculating his child support obligation in accordance with Form 14 and Rule 88.01; and (3) terminating his child support obligation on or before February 28, 2021, as circumstances warrant. The basis for the Motion to Modify was a purported "substantial and sustained" change in circumstances, to wit: (1) that Susan's "wealthy" mother passed away in July of 2020 and that she allegedly bequeathed "a large monetary inheritance" to Susan; (2) that Susan has procured gainful employment as a medical records coder earning "a substantial wage more than twenty percent greater than the amount she earned

4

at the time of dissolution"; and (3) that Susan inherited her deceased mother's condominium, which is fully paid off, and which she now resides in rent free. Thus, Eric argued that the foregoing facts rendered his continued payment of spousal maintenance to Susan "unjust and unreasonable."

In response to Eric's Motion to Modify, Susan filed her *Motion to Dismiss* (the "Motion to Dismiss"), which requested that the Motion to Modify be dismissed because Eric's seven-year maintenance obligation was non-modifiable, per the terms of the Dissolution Judgment.[3] In addition, the Motion to Dismiss notes that the Dissolution Judgment specifically states that the terms of the Separation Agreement, including Eric's seven-year maintenance obligation, are "equitable and not unconscionable."

On the same date Susan filed her Motion to Dismiss, she also filed her *Motion for Attorney Fees* (the "Motion for Fees"), which requested an order requiring Eric to pay her reasonable attorney fees in conjunction with the Motion to Dismiss. Specifically, Susan argued that the Motion to Dismiss was "baseless" and an attempt to "harass" her. Susan also stated that she was without sufficient funds or assets to pay her attorneys' fees and costs, and further argued that Eric was "gainfully employed" and capable of contributing to her attorneys' fees incurred in defending his Motion to Modify.

Eric thereafter filed his memorandum in opposition to Susan's Motion to Dismiss, which argued that although his $800.00 monthly maintenance obligation from February of 2020 through February of 2021 was non-modifiable, his current $1,000 monthly maintenance obligation is modifiable because it is not subject to the sentence in the Dissolution Judgment which stated that his maintenance obligation was not modifiable; rather, that sentence only

---

[3] Although not expressly stated, we presume that Susan claims Eric has a seven-year maintenance obligation because that is the time period between February of 2021 (when Eric's maintenance obligation commenced) and when Susan becomes eligible for Social Security payments under current law.

5

applied to his original $800 monthly maintenance obligation. In addition, Eric argued that because the Separation Agreement was silent on the issue of the modifiability of his maintenance obligation, it is presumed to be modifiable pursuant to § 452.335.3. Furthermore, the issue of modifiability is controlled by the Separation Agreement, not the Dissolution Judgment, pursuant to *Brucker v. Brucker*, 611 S.W.2d 293 (Mo. App. E.D. 1980).

Following oral argument on the Motion to Dismiss and additional briefing by the Parties, the circuit court entered its *Order and Judgment* (the "Motion Judgment") on March 12, 2021, which granted Susan's Motion to Dismiss the Motion to Modify. In discussing the authorities cited in Eric's briefing, the circuit court ultimately concluded that this case involves "separation agreement decretal maintenance," which is maintenance that is "agreed to by the parties and incorporated into the decree." However, the circuit court noted that the Separation Agreement is "silent on the issue of whether the maintenance provision is modifiable." Conversely, the circuit court specifically noted that the Dissolution Judgment does state that Eric's maintenance obligation is non-modifiable. The circuit court further found that the key language of the Dissolution Judgment (i.e., the Parties' handwritten word "not" in the form dissolution document) was relevant and dispositive of the Parties' intent to make Eric's maintenance obligation non-modifiable. Therefore, the circuit court found that the Dissolution Judgment was controlling with respect to the modifiability of maintenance under *Hughes v. Hughes*, 505 S.W.3d 458 (Mo. App. E.D. 2016), and was consistent with § 452.335. Accordingly, the circuit court granted Susan's Motion to Dismiss. However, the circuit court denied Susan's Motion for Fees, finding that the applicable factors of § 452.355 had not been satisfied.[4]

---

[4] As the circuit court noted in the Motion Judgment, § 452.355.1 permits a court to order a party to pay a "reasonable amount for the cost to the other party of maintaining or defending any proceedings pursuant to sections 452.300 to 452.415 and for attorney's fees" after considering all relevant factors, including "the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action."

6

Finally, we note that prior to submission of Susan's Motion to Dismiss, Eric agreed to withdraw his request for a modification of his child support obligation before it otherwise terminated due to the child's twenty-first birthday on February 28, 2021. Therefore, although this issue was raised in the Motion to Modify, the Motion Judgment did not address the issue.

This appeal followed.

### III. Standard of Review

Our review of a circuit court's grant of a motion to dismiss is *de novo*. *Kemp v. McReynolds*, 621 S.W.3d 644, 652 (Mo. App. E.D. 2021). In determining the appropriateness of the circuit court's dismissal, we review the grounds raised in the motion to dismiss. *Id*. "The trial court's dismissal must be affirmed if any ground supports the motion." *Id*. "Conversely, the trial court's dismissal must be reversed if the motion to dismiss cannot be sustained on any ground alleged in the motion." *Id*. Therefore, we do not review Eric's Motion to Modify on the merits, but rather, we simply determine whether the motion was sufficient to withstand Susan's Motion to Dismiss. *Lueckenotte v. Lueckenotte*, 34 S.W.3d 387, 391 (Mo. banc 2001).

To the extent this case involves interpreting the language of the Dissolution Judgment, that is also an issue of law we review *de novo*. *In re Marriage of Green*, 341 S.W.3d 169, 174 (Mo. App. E.D. 2011). "A decree which conveys more than one meaning such that a reasonable person may fairly and honestly differ in the construction of the terms is ambiguous." *Riener v. Riener*, 926 S.W.2d 6, 7 (Mo. App. E.D. 1996). "To determine if a decree is ambiguous, we consider the whole instrument and give the words their natural and ordinary meaning." *Id*.

To the extent this case involves interpreting the Separation Agreement, we initially note that such agreements are treated as ordinary contracts. *Boden v. Boden*, 229 S.W.3d 169, 173 (Mo. App. E.D. 2007). "The cardinal rule in the interpretation of a contract is to ascertain the

7

intention of the parties and to give effect to that intention." *Eveland v. Eveland*, 156 S.W.3d 366, 368 (Mo. App. E.D. 2004) (quoting *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261, 264 (Mo. banc 1973)). "Where the parties have expressed their final and complete agreement in writing and there is no ambiguity in the contract, the intent of the parties must be determined solely from the four corners of the contract itself." *Id*. "But if the terms of the separation agreement are ambiguous, then the court may refer to matters beyond the face of the document itself." *Id*. at 369. "An ambiguity arises when, from the four corners of the contract alone, it appears that 'the terms are susceptible of more than one meaning so that reasonable persons may fairly and honestly differ in their construction of the terms.'" *Id*. "Whether a contract is ambiguous is a question of law that we determine without deference to the trial court's decision." *Id*.; *accord Frager v. Frager*, 949 S.W.2d 173,176 (Mo. App. E.D. 1997).

## IV. Discussion

This case involves determining whether Eric's current $1,000 monthly maintenance obligation is modifiable per the terms of the Dissolution Judgment and the Separation Agreement. If his maintenance obligation is not modifiable, then the circuit court correctly granted Susan's Motion to Dismiss without addressing the merits of Eric's Motion to Modify. However, if his maintenance obligation is modifiable, then the circuit court erred in granting Susan's Motion to Dismiss without considering the merits of Eric's Motion to Modify, and the case should be remanded for consideration on the merits. As further explained below, we find that Eric's current $1,000 monthly maintenance obligation is **not** modifiable. Paragraph 14 of the Dissolution Judgment, which is controlling, plainly says "[s]aid maintenance is *not* subject to modification" (the "Non-modifiability Provision") and governs ***both*** maintenance amounts. Accordingly, the circuit court correctly granted Susan's Motion Dismiss.

8

A.    The Parties' arguments regarding the modifiability of Eric's maintenance obligation

As briefly discussed above, Eric argues that his current $1,000 monthly maintenance obligation is not governed by the Non-modifiability Provision, which he maintains only governed his original $800 monthly maintenance obligation (which he fully admits was not modifiable). Specifically, Eric argues that the hand-written sentence added to paragraph 14 of the Dissolution Judgment establishing his $1,000 monthly maintenance obligation is "silent" as to whether it is subject to modification. Therefore, because his original $800 monthly maintenance obligation was clearly governed by the Non-modifiability Provision, it "objectively follows" that the purported silence on the issue of modifiability with respect to the $1,000 monthly obligation means that it is modifiable. However, Eric cites no authority for this proposition.

With respect to the Separation Agreement, Eric argues that it plainly does not address whether either of his maintenance obligations are modifiable, which he maintains "adds to the confusion as to whether the maintenance in the [Dissolution Judgment] was modifiable." Therefore, Eric argues that because the Dissolution Judgment and the Separation Agreement are "subject to two opposite interpretations (on their face)," the Dissolution Judgment is "patently ambiguous." In support, Eric generally cites *Helmer v. Voss*, 646 S.W.2d 738, 741-42 (Mo. banc 1983), a will contest case, but fails to explain exactly how that case supports his position with respect to the modifiability of his current spousal maintenance obligation. In addition, Eric argues that because the Dissolution Judgment and Separation Agreement are "obviously comprehensive and a complete integration of the agreement between the [P]arties," they are not subject to explication by parol evidence."

9

Finally, Eric argues that the Dissolution Judgment fails to unambiguously state whether his $1,000 monthly maintenance obligation is modifiable, thus violating the first sentence of § 452.335.3, which requires a maintenance order to state whether it is modifiable. However, Eric argues that the wording of the Dissolution Judgment is "long since final and not a subject of this appeal." In this regard, Eric further argues that when a maintenance order does not specify whether it is modifiable, § 452.335.3 provides a "default position" of modifiability.

Susan argues that both of Eric's monthly maintenance obligations are non-modifiable, per the terms of paragraph 14 of the Dissolution Judgment. Specifically, Susan argues that the Dissolution Judgment controls with respect to the issue of modifiability. More to the point, she argues that the Non-modifiability Provision indeed governs both the $800 and $1,000 maintenance obligations under a plain reading of the unambiguous Dissolution Judgment. Accordingly, she argues that the circuit court correctly granted her Motion to Dismiss without addressing the merits of Eric's Motion to Modify. We agree with Susan.

## B.     Applicable Law

We initially note that "[d]issolution of marriage is a statutory action[] unknown to the common law." *Richardson v. Richardson*, 218 S.W.3d 426, 428 (Mo. banc 2007) (quoting *Cates v. Cates*, 819 S.W.2d 731, 734 (Mo. banc 1991)). Therefore, we are "generally bound by the statutory pronouncements of the General Assembly regarding dissolution law." *Id.*

The primary statutory basis for Eric's Motion to Modify is § 452.335.3, which provides as follows with respect to maintenance orders:

> The maintenance order shall state if it is modifiable. The court may order maintenance which includes a termination date. Unless the maintenance order which includes a termination date is nonmodifiable, the court may order the maintenance decreased, increased, terminated, extended, or otherwise modified based upon a substantial and continuing change of circumstances which occurred prior to the termination date of the original order.

10

Missouri courts have recognized that "[§] 452.335.3 mandates that a trial court awarding maintenance '*shall* state if it is modifiable or nonmodifiable' in the decree." *Hughes v. Hughes*, 505 S.W.3d 458, 464 (Mo. App. E.D. 2016) (emphasis in original). Furthermore, "[w]hen the decree is silent as to whether maintenance is modifiable or nonmodifiable, if the award of maintenance was based upon need, it is presumed to be modifiable." *Judy v. Judy*, 998 S.W.2d 45, 49 (Mo. App. W.D. 1999) (quoting *Sprouse v. Sprouse*, 969 S.W.2d 836, 838 (Mo. App. W.D. 1998)).

In addition, § 452.370.1 provides in pertinent part as follows with respect to the modification of judgments that provide for maintenance: "Except as otherwise provided in subsection 6 of [§] 452.325, the provisions of any judgment respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." In this regard, § 452.325.6 provides as follows: "Except for terms concerning the support, custody or visitation of children, the decree may expressly preclude or limit modification of terms set forth in the decree if the separation agreement so provides." Therefore, Missouri courts recognize that "a maintenance award that is denominated in a dissolution decree as being 'non-modifiable' is not subject to modification under § 452.370.1." *Lombardo v. Lombardo*, 120 S.W.3d 232, 238 (Mo. App. W.D. 2003).

"In proceedings for dissolution of marriage or legal separation, except for provisions relating to child support, custody, and visitation, the terms of a separation agreement are binding upon the court unless the court finds that the agreement is unconscionable." *Boden*, 229 S.W.3d at 172 (citing § 452.325.2, RSMo 2000). Furthermore, "[i]f the court finds that the agreement is not unconscionable, and unless the agreement provides to the contrary, the terms of the agreement shall be set forth in the decree." *Id.* (citing § 452.325.4, RSMo 2000). Therefore, "[a]

court should not interfere with a couple's non-modifiable agreement, absent a showing of unconscionability or contravening public policy." *Id*. at 172-73. In addition, "[a] non-modifiable agreement which the court found conscionable at the time of its execution does not suddenly become unenforceable due to changed circumstances." *Id*. at 173 (quoting *Richardson v. Richardson*, 218 S.W.3d 426, 429 (Mo. banc 2007)).

## C.  Analysis

In applying the foregoing statutes and principles to this case, it is apparent that the issue of the modifiability of Eric's monthly maintenance obligations to Susan is governed by paragraph 14 of the Dissolution Judgment, notwithstanding the fact that subsection 4.1 of the Separation Agreement is silent on the issue of modifiability. This is because, as the circuit court correctly noted in paragraph 4 of the Motion Judgment, this Court in *Hughes v. Hughes*, 505 S.W.3d at 464-65, generally recognized that, pursuant to § 452.335.3, the dissolution decree controls the modifiability of a maintenance order, even if the separation agreement provides to the contrary. Rather, a separation agreement can only control modifiability when it explicitly states one way or the other whether the maintenance is modifiable and the dissolution decree is silent on the issue. *Id*. at 465.

In *Hughes*, the dissolution decree and the separation agreement were in conflict, where the dissolution decree expressly provided that the husband's maintenance obligation was "[s]ubject to modification," whereas the separation agreement contained the following provision with respect to the husband's maintenance: "The terms of this Agreement shall not be subjected to modification or change regardless of the relative circumstances of the parties, except as specifically provided for in the agreement." *Id*. at 463-64. *Hughes* ultimately held that the dissolution decree controlled, in part, because "[§] 452.335.3 authorizes a trial court to award

12

decretal maintenance under certain circumstances without the parties entering into a separation agreement."[5] *Id*. at 464.

In this case, however, there is not a direct conflict between the Dissolution Judgment and the Separation Agreement; rather, as previously noted, the Dissolution Judgment contains the Non-modifiability Provision, whereas the Separation Agreement is simply silent on the issue of modifiability. Therefore, *Hughes* controls our analysis of this case, and compels a finding that the Dissolution Judgment likewise generally governs the modifiability of Eric's maintenance obligations. Therefore, the only remaining issue is whether Eric's $1,000 monthly maintenance obligation is subject to the Non-modifiability Provision.

This case presents a truly unique set of facts regarding the issue of maintenance modifiability, which is due to the highly customized handwritten portions added by the Parties to paragraph 14 of the form dissolution document they utilized. That said, the only reasonable interpretation of paragraph 14 of the Dissolution Judgment, including the handwritten portions, is that the Non-modifiability Provision clearly governed **both** of Eric's monthly maintenance obligations to Susan—his initial $800 obligation from February of 2020 through February of 2021, as well as his current $1,000 obligation that began in March of 2021. Given the way the form dissolution document was formatted, the Parties could only insert one monthly maintenance amount in the small blank space provided. Therefore, in order to reflect the Parties' intent that Eric would have two different monthly maintenance amounts during the two agreed-upon

---

[5] *Hughes* also noted that although § 452.335 applies to "decretal maintenance," the case before it involved "separation agreement decretal maintenance," as in this case. However, *Hughes* dismissed any argument regarding the inapplicability of § 452.335 to cases involving "separation agreement decretal maintenance," further noting that "two Missouri Court decisions discussing modifying maintenance under pre-1988 separation agreements have addressed the interplay among maintenance awards and state statute." 505 S.W.3d at 464-65. *Hughes* cited *Thomas v. Thomas*, 171 S.W.3d 30 (Mo. App. W.D. 2005), and *Lueckenotte v. Lueckenotte*, 34 S.W.3d at 387, for this proposition, and summarized by noting these cases imply that the mandate of § 452.335.3 "should be applied to all maintenance awards, including to awards of separation agreement decretal maintenance pursuant to [§] 452.325." 505 S.W.3d at 465.

maintenance periods, they were required to hand write the two different amounts and the applicable time periods in the larger blank space immediately below the pre-printed portion of paragraph 14 of the form document. Specifically, the parties not only entered the original $800 monthly maintenance amount in the small blank space in the printed sentence immediately preceding the Non-modifiability Provision, but they also repeated the $800 amount by hand writing it (and the applicable dates) on the line immediately below the Non-modifiability Provision, along with hand writing the $1,000 monthly amount (and the applicable time period). However, the Parties never indicated that the $1,000 monthly maintenance amount was expressly modifiable (or otherwise not subject to the Non-modifiability Provision). Therefore, a person reading the completed Dissolution Judgment would reasonably interpret the Non-modifiability Provision as generally applying to both of Eric's maintenance obligations to Susan, absent some clear indication to the contrary. For example, if the Parties had intended to exempt the $1,000 obligation from the general applicability of the Non-modifiability Provision, they easily could have drafted the second hand-written sentence under paragraph 14 as follows: "Thereafter shall be $1000 until Petitioner can collect social security by existing law, *which maintenance amount is subject to modification*" (the italicized portion being a possible addition to the original for clarity). Accordingly, given the absence of any such exemption language in paragraph 14 of the Dissolution Judgment, Eric's $1,000 monthly maintenance obligation was likewise rendered non-modifiable per the clear and unambiguous terms of the completed Dissolution Judgment.

For these reasons, the circuit court did not err in granting Susan's Motion to Dismiss without addressing the merits of Eric's Motion to Modify.

### V.     Conclusion

The Motion Judgment is affirmed.

_____
Kelly C. Broniec, Judge

Kurt S. Odenwald, P.J. and
John P. Torbitzky, J. concur.

15